JOE WRIGHT V. THE STATE.

No. 1161. Decided October 25, 1911.

Rehearing denied November 29, 1911.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained a conviction, there was no error.

**2.—Same—Indictment.**

Where the indictment clearly charged the offense, an objection that it was vague and uncertain was correctly overruled.

**3.—Same—Indictment—Date.**

Where the indictment charged that the election for local option was held on a certain date, an objection that it did not specifically charge a date was not well taken.

**4.—Same—Evidence—Bill of Exceptions.**

Where the district attorney asked the defendant's witness, who had been talking to him to get him to leave the country, etc., which he answered in the negative, there was no error; besides, the bill of exceptions was insufficient.

**5.—Same—Evidence—Bill of Exceptions.**

Where the district attorney asked defendant's witness whether he was not

hiding when the sheriff came to subpoena him, which he answered in the negative, there was no error; besides, the bill of exceptions was insufficient.

### 6.—Same—Evidence—Bill of Exceptions.

Where the district attorney asked the defendant's witness whether he had had any luck boot-legging, which he answered in the negative, there was no error; besides, the bill of exceptions was insufficient.

### 7.—Same—Evidence—Bill of Exceptions.

Where the district attorney asked defendant's witness whether he had not sold whisky about the time defendant was alleged to have sold it, which witness answered in the negative, there was no error; besides, the bill of exceptions was insufficient.

### 8.—Same—Evidence—Moral Turpitude.

Upon trial of a violation of a local option law, where defendant sought to impeach State's witness by showing that he had been guilty of moral turpitude by committing various misdemeanors which did not involve moral turpitude, there was no error in excluding such testimony; besides, defendant would have been concluded by the answer of the witness from impeaching him.

### 9.—Same—Evidence—Self-Serving—Res Gestae.

Where, upon trial of a violation of a local option law, the defendant offered self-serving testimony, which was not res gestae, there was no error in excluding it.

### 10.—Same—Evidence—Impeachment.

Where, upon trial of a violation of the local option law, the defendant asked the State's witness whether he had not been arrested for highway robbery, there was no error in sustaining an objection thereto, as it was not shown that the witness had been indicted therefor; besides, the bill of exceptions was insufficient.

### 11.—Same—Rule Stated—Impeachment of Witness—Complaint—Indictment— Arrest.

Where a party is charged by complaint only, and sufficient time has elapsed for an indictment and none has been preferred, the mere fact of the arrest of the party on a complaint is not legal testimony to go to his impeachment. Distinguishing Hunter v. State, 59 Texas Crim. Rep., 449; Jones v. State, 44 Texas Crim. Rep., 405, and other cases.

### 12.—Same—Argument of Counsel—Bill of Exceptions.

Where State's counsel commented on the testimony of the witnesses, he was within the record, and there was no error; besides, the bill of exceptions was insufficient.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Jones & Jones*, for appellant.—On question of impeaching witness upon charge of felony: Hunter v. State, 59 Texas Crim. Rep., 439; Jones v. State, 44 Texas Crim. Rep., 405.

Upon question of permitting district attorney to ask witness who had been talking to him, etc.: Sue v. State, 105 S. W. Rep., 804.

Upon question of not permitting defense to show that State's witness had been a county convict: Lights v. State, 17 S. W. Rep., 428.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted, tried and convicted of unlawfully selling intoxicating liquors in Wood County after prohibition had been properly carried, declared in force, etc., on March 12, 1910. The unlawful sale is alleged to have occurred on or about August 15, 1910.

The evidence by the State clearly and without question establishes the guilt of the appellant and makes a clear case against him. We deem it unnecessary to state the testimony.

The appellant made a motion to quash the indictment. The first ground was "because it was vague, uncertain and indefinite and charged no violation of the laws of the State." We think the indictment is clear, that there is no uncertainty about it and no indefiniteness and that it does clearly charge a violation of the law.

The next ground to quash is that the indictment, which purports to allege that an election was held in Wood County to determine whether or not the sale of intoxicating liquors should be prohibited in said county "is vague, indefinite and uncertain in that it does not specifically charge the date of said election." The indictment does specifically charge that the election was properly held on or about March 12, 1910. There was no error in overruling the motion to quash.

There are several bills of exceptions in the record, several of which we will discuss together, as they present substantially the same character of question. The third bill shows that while the defendant's witness, Johnson, was testifying in behalf of defendant, the district attorney asked him the following questions upon cross-examination: "Q. John, who has been talking to you trying to get you to leave the country and trying to get you to change your testimony in this case?" To which question and the answer the defendant objected because the same was immaterial and irrelevant, and could not be binding upon the defendant unless he had talked to the witness, or procured someone to talk to him or tried to get him to leave the country or procured someone to try to get witness to leave the country, and because defendant could not be bound by acts and conversations of someone else in trying to get witness to leave the country, and because same was not a proper question in any respect. The court overruled the objection and permitted the witness to testify and he did testify that no one had tried to get him to leave the country and that no one had talked to him and tried to get him to change his testimony in the case.

Appellant's bill No. 4 is that while this same witness was on the stand the district attorney, on cross-examination, was permitted to ask him this question: "Is it not a fact that you was hid behind the bed at your home last night when the sheriff came out to subpoena you in this case, and is it not a fact that you had told members of

your family to tell the officers you were not at home, if they came out there last night?" This question and the answer thereto was objected to because it was immaterial and irrelevant and inadmissible for any purpose, unless it should be first shown that the defendant had requested or advised the witness to hide from the officers and to tell his family to tell the officers that he was not at home in event they should come out after him; and because the testimony of the witness could not be discredited in this manner. The court overruled the objections and the witness answered that he had not hid from the officers and he had not told members of his family to tell the officers that he was not at home if they should come out there looking for him on that night.

Bill No. 6 shows that while defendant's witness, Pink Smith, was testifying in behalf of defendant, he was asked by the district attorney on cross-examination this question: "Well, Pink, did you have any luck bootlegging that night?" (meaning the night Bill Shaw had testified he bought the whisky from defendant). To which question and the answer thereto the defendant objected for substantially the same reasons as to the last bill just above stated, and in addition, because the question was calculated to make the jury believe that witness was a bootlegger himself. The court overruled the objections and the witness testified that he did not try to bootleg any that night.

Bill No. 7 shows that while this same witness Smith was testifying for defendant, the district attorney on cross-examination asked him this question: "Well, Pink, you had been selling or trading some whisky about that time, had you not?" (meaning about the time this defendant is charged with selling whisky to Bill Shaw). Appellant objected to this question for substantially the same reasons as the last two bills above shown and that it was highly prejudicial to the defendant in that it assumed that the witness had been violating the local option law. The court overruled the objection and the witness answered that he had not been trading or selling whisky about that time.

It will be seen by each of these bills that they are wholly insufficient in that they do not show this court what the proof in the case was or anything else about it so as to show whether the questions and answers were inadmissible or not. However, as each of the witnesses answered each question in the negative and favorable to himself and not unfavorable to the appellant, there was no error. Phillips v. State, 59 Texas Crim. Rep., 534.

The eighth, ninth, tenth, eleventh, twelfth and fourteenth bills of exception complain of the action of the court in not permitting the appellant to show that the State's witness, Bill Shaw, in the eighth bill, had been convicted of malicious mischief; in the ninth bill, of assault and battery; in the tenth, for unlawfully carrying a pistol; in the eleventh, for an assault and battery; in the twelfth, for carrying a pistol, and in the fourteenth, that he had been a county convict

on the county convict farm. These several questions were asked and the testimony sought to be introduced solely for the purpose of impeaching the witness. The State, when each of the questions were asked, made proper objections thereto. Each bill shows "that if said witness was permitted to answer said question, defendant verily believed that he would swear that it was a fact (in the eighth bill as an example) that he had plead guilty to the offense of malicious mischief on April 5, 1902, and that if said witness denied that he had plead guilty in said court to said charge on said date the defendant would offer proof to show, as a matter of fact, that he did plead guilty to said charge in said court on that date." Some of the other bills bring the question of conviction to a later date, one in December, 1907, another on January 17, 1908, another in November, 1909, and the last, about working on the convict farm, "that he had been either working on the county convict farm or on the public roads, practically all the time during the past three years."

It will be seen by these several bills that the various misdemeanors asked about do not involve moral turpitude, and neither of the bills states that the witness would have sworn to any such thing, but indicates that he might deny it, in which event the defendant would offer independent separate proof to show the true facts. The bills are not only insufficient on that account, but the witness could not be asked such questions and have been made to answer them in the affirmative if they were true for the purpose of impeaching him; and, besides, his answers would have been conclusive against the defendant and he would not have been permitted to introduce any proof to contradict it. Fannin v. The State, 51 Texas Crim. Rep., 41; Goode v. State, 32 Texas Crim. Rep., 505; Lee v. State, 45 Texas Crim. Rep., 51. A great many other cases and text-books could be cited to establish what we have laid down as the rule, but we deem it unnecessary.

The fifth bill of exceptions complains of the action of the court in not permitting appellant's witness, Pink Smith, to testify, in effect that the appellant asked him, the witness, to go back with him and overtake Bill Shaw and John Johnson in order to make them give back his whisky; that this occurred soon after the defendant and witness had separated from said Shaw and Johnson and when he discovered that he had forgotten his bottle of whisky and left it in the buggy, the record showing that after all the parties had separated, at which meeting it was claimed by the State that a delivery of one of the bottles of whisky, which was sold by the appellant to the State's witness, Bill Shaw, was made, which time was also several hours after the sale and delivery of another bottle of whisky by the appellant to the said State's witness the same night, the second bottle not having been delivered at the first delivery, because the appellant had to drive four or five miles to get it. The court, upon

the proper objections by the State, excluded this offered testimony, stating in allowing the bill that the declaration sought was self-serving and not res gestae. We think this bill and the record shows that this claimed declaration of the defendant was clearly not res gestae and was self-serving, and hence the court did not err in excluding it.

Appellant's thirteenth bill shows: "That while the State's witness, Bill Shaw, was upon the witness stand and while he was being cross-examined by the defendant he was asked the following question by counsel for the defendant: "Is it not a fact that you was arrested in Smith County, Texas, during December, 1908, charged by complaint with the offense of highway robbery committed with fire-arms," to which question and the answer thereto the State, by her district attorney, objected for the reason that inasmuch as there had been no bill of indictment returned against the witness charging him with said offense it was not admissible to prove that he had been charged by complaint and arrested for said offense of highway robbery. At this juncture counsel for the defendant stated to the court that this testimony was offered for the purpose of impeaching the witness, and that if the witness was permitted to testify he would testify that it was a fact that he had been arrested in Smith County, Texas, during December, 1908, upon a complaint charging him with the offense of highway robbery committed with firearms, but that in the event said witness denied that he had been so arrested charged with said offense then the defendant was prepared to prove and could prove that the witness had been so arrested in Smith County, Texas, during December, 1908, upon a complaint charging him with the offense of highway robbery committed with firearms, that said offense was an offense involving moral turpitude and said testimony was admissible for the purpose of impeaching said witness. But the court sustained all of the objections offered by the State and refused to permit said witness to answer said question, that if said witness had been permitted to anwer said question he would have testified that it was a fact that he was arrested in Smith County, Texas, in 1908, upon a complaint charging him with the offense of highway robbery committed with firearms, or if said witness had denied that he was so arrested at said time and place charged with said offense the defendant was prepared to prove and he could and would have proven that he was so arrested upon a complaint charging him with said offense." To which action of the court the appellant duly excepted and the court allowed the bill with this explanation: "It was not contended by defendant's counsel that the witness had been indicted and his question was confined alone to arrest upon complaint and not whether he had been charged by indictment with such offense."

This bill is fatally defective in that it does not affirmatively show that the witness would have testified what they expected him to testify, "but that if he did not testify it, then they could and would

prove by independent testimony that he had been so arrested upon such complaint." As stated above, when the witness answered denying any such arrest or any such charge, the defendant would have been concluded thereby and would not have been permitted to have gone into proof of that collateral matter for the purpose of impeaching the witness.

Besides that, even if it be conceded that the bill states that the witness would have so testified and that it would have been unnecessary to have contradicted him by introducing independent evidence on that collateral matter, in our opinion, a witness can not be so impeached under our law. This court has gone further than the court of any other State which we have been able to find, in permitting either side to impeach a witness by showing simply and solely that he has been indicted for a felony or for some misdemeanor involving moral turpitude. Most of the other States will not permit this on the ground that the presumption of innocence on even an indictment, overcomes any impeachment of the witness because of the indictment and allow only convictions to be introduced to so impeach.

The appellant, in support of his contention, cites two decisions of this court, Hunter v. State, 59 Texas Crim. Rep., 439, and Jones v. State, 44 Texas Crim. Rep., 405. The Hunter case has this and only this on the subject: "Nor was there any error in the action of the court in permitting the State to prove, in impeachment of the testimony of the witness, W. T. Hunter, that he had been charged by complaint with the offense of arson. This was an offense involving moral turpitude and was a matter of recent occurrence. It must be presumed and assumed in the absence of proof to the contrary, that this charge was made to the accredited authorities under their sanction and advice and was a circumstance proper to be considered by the jury." At first blush this would seem to support the appellant's contention, but upon a further examination of the case it is shown that the court in that opinion was discussing more particularly the character of the charge—whether or not it involved moral turpitude. The previous subdivision of the opinion of the court in that case shows that that was the question the court had in mind at the time and it does not appear that the objection was made in the lower court, and the court in that opinion does not discuss it—that simply where a party had been arrested upon complaint, could such evidence be introduced for the purpose of impeachment—and in the latter part of the above quotation, the court says: "It must be presumed and assumed, in the absence of proof to the contrary, that this charge was made to the accredited authorities under their sanction and advice and was a circumstance proper to be considered by the jury."

In the Jones case, supra, all that the court says upon this subject is: "Appellant objected to the testimony elicited from him on cross-examination by the State to the effect that he had been arrested in

Lockhart, and carried back to Bastrop County, on the charge of having abducted a minor child. He objected to this on the ground that it was immaterial to any issue in this case, and calculated to injure and prejudice him before the jury. Felonies and misdemeanors which involve moral turpitudes are provable against witnesses on cross-examination as affecting their credibility. We take it that abduction of a minor under our statute (articles 630-632, Penal Code), would involve moral turpitude. The evidence was therefore admissible." It will be clearly seen from this that no objection was made to this testimony on the ground that it did not show that the defendant had been indicted or convicted, but solely on the ground stated therein and the attention of the court as shown by this portion of the opinion, was directed again to the question of whether or not the charge involved moral turpitude and not that he had been indicted therefor. So that properly considered neither of these cases cited support appellant's contention. We have been unable to find any decision of this court directly supporting appellant's contention.

In the case of Ware v. State, 36 Texas Crim. Rep., 597, Presiding Judge Davidson, for this court, says: "It has also been held by this court that it can be shown, in order to attack the credibility of a defendant witness, that he has been charged with other crimes, that he has been in jail under arrest for other crimes, etc. Perhaps it may be proper here to state that when the decisions refer to that character of testimony, where a party is charged with crime, it is to be understood to mean accusations brought against parties in some form under the law, and not intended to mean that, because some party had said the defendant witness was guilty of some offense, that character of testimony could be used. Wherever the expression occurs in the opinions, that charges against a defendant witness can be used against him, it means legal charges or accusations." Again discussing this question, Judge Henderson, for this court, in the case of Barkman v. State, 52 S. W., 71, says: "Appellant never having been indicted or under legal accusation for said offense, it was not competent evidence on which to impeach him. Brittain v. State, 36 Texas Crim. Rep., 406, and authorities there cited; Ware v. State, 36 Texas Crim. Rep., 597."

In making a complaint against a defendant under our law it is only necessary for the complaint to charge "that he has reason to believe and does believe" that the party charged has committed the offense stated. Code Crim. Proc., art. 257. This complaint is nearly always made by either the party claimed to be injured, or by some sheriff or peace officer making it upon the statement of such complaining party. In neither event is it necessary for the complainant to state as a matter of fact that the party is guilty of the offense. The complainant can merely state that he "has reason to believe and does believe" that he has committed the offense. There is no question but that if a witness was offered for the purpose of proving

as a matter of fact that the witness was guilty of specific offense involving moral turpitude or of the grade of felony where no legal proceeding had been instituted against him, such testimony would not be admissible. Conway v. State, 33 Texas Crim. Rep., 329. In this case the question asked was if the witness had not been arrested during December, 1908. This trial was had in December, 1910. Necessarily under our law, four grand juries had met and adjourned, or three, in any event, since such complaint and arrest was made. It demonstrates, therefore, to our minds, that either the matter had been voluntarily abandoned or after an investigation by a grand jury it was shown that the witness had not been guilty even prima facie on an ex-parte examination by a grand jury, because no indictment had been found. So that we hold that where a party is charged by complaint only, and sufficient time has elapsed for an indictment, and none has been preferred, that the mere fact of the arrest of a party on a complaint is not legal testimony to go to his impeachment, and there was no error, even if the bill had been properly presented, in the lower court's ruling on this question.

The only other question raised complains of the language of the district attorney in the closing argument to the jury. In one bill it is shown that he said this: "Gentlemen of the jury, you know that Bill Shaw would not have told that he got whisky from the defendant unless he had to." The other is: "Gentlemen of the jury, I tell you that the witness, Pink Smith, has no regard for the law of this State." The complaints of these two matters are properly raised and presented. The jury is made the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. Certainly the attorney for either side in arguing the case to the jury has the right to comment upon the witnesses in both of these respects, and in neither of these instances do we think that the attorney went beyond his privilege in the matter complained of. Neither bill sufficiently shows what else was said or what else was done on the subject at the time. The mere abstract statement of these two matters before the jury without showing by the bill or otherwise that they were calculated to injure or did injure the appellant certainly would constitute no reversible error.

There being no reversible error pointed out, the judgment will in all things be affirmed.

*Affirmed.*

[Rehearing denied November 29, 1911.—Reporter.]