## Bill Shamblin v. The State.

### No. 5876.    Decided March 2, 1921.

#### 1.—Murder—Continuance—Want of Diligence.

Where, upon trial of murder the defendant's motion for continuance showed a want of diligence, the same was correctly overruled.

#### 2.—Same—Witness Under Rule—Discretion of Court.

Where a witness, who had remained in the courtroom after the rule had been called, was permitted to testify and there was no abuse of discretion of the trial court shown, there was no reversible error. Following Miller v. State, 36 Texas Crim. Rep., 47, and other cases.

#### 3.—Same—Bill of Exceptions—Practice on Appeal—Witness Under Rule.

The burden is upon appellant to reveal in his bill of exceptions circumstances from which an abuse of discretion would appear and where there is a failure to do so, there was no reversible error.

#### 4.—Same—Evidence—Opinion of Witness.

Where the witness testified that he observed the tragedy at a distance of about one hundred feet, etc., and that he saw a man run across the street, there was no error in excluding, in answer to the question by defendant on cross-examination whether the man the witness saw running away was the one who did the shooting; the witness having testified that he did not see the actual shooting.

#### 5.—Same—Evidence—Attorney and Client—Witness—Lawyer's Fee.

Where it was shown that the witness had been an attorney for the defendant but had subsequently severed his connection with the case, there was no error in excluding testimony as to the amount of the fee the witness received as an attorney for the defendant; the witness testifying to nothing coming to his knowledge during his employment.

#### 6.—Same—Evidence—Witness for Defendant—Moral Turpitude.

Where defendant's witness testified for defendant to facts showing that he was an eyewitness to the homicide, and supported defendant's theory that the latter did not shoot the deceased, but that another shot him, etc., and the State on cross-examination showed that this witness had been arrested for forgery, to which defendant objected because said witness had never been indicted for said offense, the court should have sustained said objection. Following Wright v. State, 63 Texas Crim. Rep., 436, and other cases.

#### 7.—Same—Rule Stated—Impeaching Witness—Moral Turpitude.

A defendant, or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party by proving by the witness on cross-examination that he had been indicted or convicted, or that he is then under indictment for a felony or for a misdemeanor imputing moral turpitude, and the judgment of conviction need not be produced when the object is only to impeach and not to disqualify the witness, but in the instant case this rule was transgressed, and there is reversible error.

Appeal from the District Court of Eastland.   Tried below before the Hon. E. A. Hill.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Marvin P. Simpson,* and *A. P. Moore,* and *W. E. Myres,* and *Burkett, Anderson & Orr,* for appellant.—Cited cases in the opinion.

MORROW, Judge.—The judgment condemns the appellant to confinement in the penitentiary for a period of fifteen years for the offense of murder.

Albert Jourdan was shot and killed on the street at Ranger, Texas. He was an officer in plain clothes.  The tragedy occurred at night. The appellant, his wife, and one, John Mays, were present.  The State's theory and testimony is to the effect that the appellant shot Jourdan. It is his theory that the deceased was killed by John Mays.  The State's case is supported by ample testimony; and there is evidence of eye-witnesses directly supporting the theory of the appellant.

A motion for continuance to secure the testimony of other witnesses to corroborate the appellant to the effect that he was not the assailant was made and overruled.  The process was not issued for more than two months after the indictment and arrest, and was returned not executed some four months prior to the trial.  No explanation of the delay in issuing process or the failure to renew efforts to secure the attendance of the witnesses is disclosed.  The diligence it totally inadequate.

A witness who had remained in the courtroom after the rule had been called for was permitted to testify.  The law vests in the trial judge discretion in such matters, and it is when the discretion is abused to the prejudice of the accused on trial that a reversible error occurs.  Miller v. State, 36 Texas Crim. Rep., 47; Vernon's Texas Crim. Law, Vol. 2, page 399; Bishop v. State, 81 Texas Crim. Rep., 97.

The burden was upon the appellant to reveal in his bill of exceptions circumstances from which an abuse of discretion would appear.  This he failed to do, and the presumption in favor of the correctness of the ruling of the judge prevails.

A witness testified that he observed the tragedy at a distance of about one hundred feet; that the position of the deceased at the time the shots were fired was obscured by an intervening object; that he did not see the actual shooting but saw a man run across the street. The appellant asked him whether the man that ran away was the one who did the shooting.  As the matter is presented, it occurs to us that this called for the opinion of the witness and the court was not in error in refusing to receive it.  We fail to perceive upon what principle of evidence the amount of fee that the witness, John Mays, had

received under his contract with the appellant to defend him would have become relevant. Mays was present at the homicide and testified that the appellant was the assailant of the deceased. It was shown that Mays was an attorney and was a member of the firm that had been employed by the appellant to defend him, but subsequently the connection of that firm with the defense was terminated; that the firm had received compensation was disclosed. He testified to nothing coming to his knowledge during his employment. If the amount of his fee was material, such is not made to appear from the record before us.

The witness Pendleton testified on behalf of the appellant to facts showing that he was an eyewitness to the homicide. His evidence goes to support the appellant's theory that he did not shoot the deceased, but that at the time the deceased was shot, the appellant had fallen or was about to fall in consequence of a pistol shot wound. It was the undisputed fact that the appellant had been wounded, and on the arrival of the officers, was on the street and in a practically helpless condition. The testimony of this witness was to the effect that while the man who had received the wound was dragging himself across the street, the other male member of the party was shooting the deceased. On cross-examination the State undertook to show that this witness had been arrested and put under bond for the offense of forgery. It was disclosed that subsequent to his arrest the grand jury had adjourned without indicting him; that he had not, at any time, been indicted. Under these circumstances the trial court was in error in refusing to sustain the appellant's objection to the testimony showing that the witness had been arrested and put under bond for forgery. In stating this conclusion, we are but affirming the previous explicit declarations of this court.

In the case of Wright v. State, 63 Texas Rep., 436, the accused sought to discredit a State's witness by proof that a complaint had been filed against him charging a felony and that by virtue of the complaint the officer had arrested him. It further appeared that no indictment had followed, notwithstanding the lapse of sufficient time and the meeting of the grand juries in the meanwhile. The court decided that the accused was not entitled, by this means, to discredit a witness for the State. Attention was drawn to the fact that a complaint may be filed upon information and belief; that it authorizes an arrest and that it may result in a bond binding the accused to attend and await an investigation by the grand jury, but when the grand jury fails to indict, the presumption obtains that the information or belief upon which the complaint was made was ill-founded. This principle was applied in behalf of the accused in the case of Sapp v. State, 80 Texas Crim. Rep., 363, 190 S. W. Rep., 492. In other jurisdictions the courts have gone much further in excluding such testimony. Wigmore on Evidence, Sec. 983; Underhill on Criminal Evidence, Sec. 345, page 445; Wharton's Crim. Evidence, Sec. 50. While the rule obtaining in our State is more liberal, it has not been extended to embrace evidence

such as was used in the instant case to discredit the testimony of a witness giving important evidence in behalf of the appellant.   See Barkman v. State, 52 S. W. Rep., 71; Red v. State, 39 Texas Crim. Rep., 422; Brittain v. State, 36 Tex. Crim. Rep., 406; Ware v. State, 36 Tex. Crim. Rep. 597; Conway v. State, 33 Tex. Crim. Rep. 329.   Another witness giving testimony favorable to the appellant and material in support of his defense was discredited by the testimony elicited upon his cross-examination, in which, as we understand the record, it is made to appear that he had been charged and arrested for a felony but had never been indicted therefor, although the transaction took place some nine years prior to the trial.   He was also discredited by proof that he had been charged with certain misdemeanors which did not impute moral turpitude, such, for example, as drinking and exceeding the speed limit.   The rule touching this class of testimony, as stated by Mr. Branch in his Texas Penal Code, Sec. 167, is as follows: "Defendant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party by proving by the witness on cross-examination that he had been indicted or convicted or that he is then under indictment for a felony or a misdemeanor imputing moral turpitude.   The judgment of conviction need not be produced when the object is only to impeach and not to disqualify the witness."

This rule, in our judgment, was, in the case before us, transgressed to the prejudice of the appellant.   The evidence was undisputed that the appellant and Mays had been carousing; that they were walking upon the street, one of them displaying a pistol; that it was nighttime; that the deceased approached them; that he fired and was fired upon, whether the first shot was from him or his assailant, being in controversy; that the appellant was shot and seriously wounded; that Mays ran away, some evidence going to show that he threw away his pistol as he ran; and that a pistol which had been discharged was found.   The State's witnesses testified that the appellant fired the shots; the appellant's witness testified, some of them directly that Mays fired them, others to circumstances going to sustain that theory.   It cannot be regarded as harmless or unimportant that some of these witnesses, who testified to facts exculpating the appellant, were discredited by evidence which was illegally admitted over his objections.

For this reason, we find it necessary to order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*