### LEONARD BROWN V. THE STATE.

No. 10366.   Delivered November 3, 1926.

Rehearing withdrawn January 12, 1927.

**1.—Sale of Intoxicating Liquor—Impeaching Witness—Held Improper.**

While it is proper, for the purpose of impeaching a witness, to show that he had been charged by complaint with a felony, if it be made to appear that subsequent to the filing of such complaint a grand jury has convened and adjourned without returning an indictment therefor, proof of the charge by complaint is incompetent to affect the credibility of such witness.

**2.—Same—Bills of Exception—Incomplete—No Error Shown.**

Where appellant complains of the admission of evidence that his witness had been charged by complaint with a felony, and a grand jury had convened thereafter and failed to return an indictment, but such bill does not show as a fact that the indictment was not returned, no error

is presented. The objections made to the admission of testimony is not sufficient, unless the facts upon which such objections are predicated are shown in the bill to be facts.

### 3.—Same—Impeaching Witness—Indicted for Felony—Properly Admitted.

Where it was shown that a witness for the defense had been indicted for several felonies,.for the purpose of impeaching said witness, the fact that such indictments were returned against him after the indictment of the appellant, would in no wise affect their admissibility.

### 4.—Same—Evidence—Answer Not Responsive—Rule Stated.

Where an improper question is propounded to a witness, and his answer to such question is not responsive to same, but is within itself admissible, and no objection is made to the answer, on the ground that it is not responsive to the question, no reversible error is presented. See Graham v. State, 57 Tex. Crim. Rep. 104; Lewis v. State, 59 Tex. Crim. Rep. 316; Phillips v. State, 59 Tex. Crim. Rep. 534.

#### ON REHEARING.

### 5.—Same—Motion Withdrawn.

Appellant has filed his sworn application, duly verified, requesting the withdrawal of his motion for rehearing, and same is granted, mandate is ordered to issue on the original hearing.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Sanders & Sanders* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Shelby County of selling intoxicating liquor, punishment two years in the penitentiary.

Appellant has three bills of exception in the record which are discussed in his brief in inverse order. Bill of exceptions No. 3 complains of the state asking on cross-examination of defense witness Irish if it was not a fact that a complaint had been filed against him charging him with possessing intoxicating liquor. The bill of exceptions shows that he answered that such complaint had been filed. Said bill sets out the objections at length, one of them being upon the ground that a grand jury had convened and adjourned without indicting said witness for the offense set out in said complaint. It is permissible to show,

as affecting credibility, that an indictment has been returned or a complaint filed charging a witness with a felony or an offense involving moral turpitude; but in case one be charged with a felony by complaint and there be a grand jury subsequently convened which adjourns without returning any indictment therefor, proof of the fact of such charge by complaint is incompetent to affect the credibility of the person so charged and offered as a witness. Wright v. State, 63 Tex. Crim. Rep. 429. The bill of exceptions before us merely presents the objections made on such grounds, but wholly fails to set out any facts as basis for or supporting such objections. In such case the bill of exceptions would be incomplete and insufficient to justify us in holding the objection a good one. We further observe that the statement of facts herein shows that the witness Irish testified that the complaint referred to and so charging him had been filed after the grand jury had adjourned. No error appears.

Bill of exceptions No. 2 shows that appellant while a witness was asked if he was not charged with selling liquor to certain named persons, and that over objection he answered, "Yes, I have been indicted, charged with selling liquor to Frank Conroe, Carl Holliday, Alex Jacobs, and one or two more." The fact that these indictments were found subsequent to the one in the instant case would be no ground for the rejection of such proof as affecting the credibility of the appellant when offered as a witness. If within a time prior to becoming a witness not too remote, such party has been indicted for a felony, or an offense involving moral turpitude, that fact under our procedure would be provable against him.

The remaining bill of exceptions shows that while appellant was on the witness stand giving testimony, he was asked the following question:

"Isn't it a fact, Mr. Brown (meaning the defendant, Leonard Brown) that after the indictment was returned against you in the cause we are now trying, that the officers raided your home, found some whiskey and that a complaint has been filed against you for possessing intoxicating liquors?"

And that over objection appellant made the following reply:

"Yes, a complaint has been filed against me charging that I had possession of liquor in my home,—this complaint was filed against me, my wife and Joe Irish."

This presents practically the same objection as bill No. 3 above discussed. While more was embraced in the question asked, more was not in the answer, for appellant confined himself in

his answer to affirming the fact that a complaint had been lodged against him for such possession. The question was not repeated, and neither side seems to have objected that the answer was not responsive, or that same called for an answer as to matters inadmissible as well as those that were competent. This court does not ordinarily reverse for the mere asking of a single question calling for an incompetent matter if the answer contained no more than a statement of matters provable. Graham v. State, 57 Tex. Crim. Rep. 104; Lewis v. State, 59 Tex. Crim. Rep. 51; Keeton v. State, 59 Tex. Crim. Rep. 316; Phillips v. State, 59 Tex. Crim. Rep. 534. There is an unfortunate controversy over whether we should consider the bills of exception, which will not be discussed in as much as we have considered same.

It is unnecessary for us to set out the facts in this case at any length. They are beyond cavil sufficient to support the judgment of guilt. The state's case shows a straight-out sale of whiskey by appellant to the party named in the indictment.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON APPLICATION TO MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed in this cause his sworn application, duly verified, requesting the withdrawal of his motion for rehearing. The application is granted, and it is ordered that mandate issue upon the original hearing in which the judgment of the trial court is affirmed.

*Motion withdrawn.*