## HENRY WILLINGHAM V. THE STATE.

### No. 11389.   Delivered March 14, 1928.

**1.—Aggravated Assault—Bill of Exception—Incomplete—No Error Presented.**

A bill of exception which merely states the grounds of exceptions, without setting out the facts, is not sufficient. "A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts, which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections." See Branch's Ann P.. C., p. 134.

**2.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where appellant complains of the refusal to permit a witness to answer a question propounded the bill should set out the answer expected. "A bill of exception taken to the refusal of the court to permit a witness to answer a question, whether on direct or cross-examination, must show what the answer of the witness would have been in order to entitle it to consideration on appeal. See Branch's Ann. P. C., Sec. 212.

**3.—Same—Impeaching Witness—Proper Predicate—Must Be Laid.**

"Before a party is entitled to impeach a witness by proof of contradictory statements, a predicate must be laid, calling the attention of the witness to the time, place and person to whom it is claimed the contradictory statement was made." See Branch's Ann. P. C., Sec. 179.

Appeal from the County Court of Washington County.   Tried below before the Hon. Sam D. W. Low, Judge.

Appeal from a conviction for an aggravated assault, penalty a fine of $50.

The opinion states the case.

*W. J. Embrey* of Brenham, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted in the County Court of Washington County of an aggravated assault and his fine assessed at $50.

The testimony of the state showed that appellant and two others took George Roberson, a negro, to a secluded place, beat him over the head with a six-shooter and whipped him with a rope. Roberson was injured to the extent of requiring medical treatment, and at the time of the trial was still suffering from an injured eye.

Appellant denied that he had anything to do with the attack made on the injured party, although he admitted that he was present at the time George Newman whipped him. George Newman, testifying in behalf of appellant, took the entire responsibility for the assault.

By bill of exception No. 1 appellant complains of the action of the court in permitting George Roberson, the injured party, to testify that George Newman had his, the injured party's, bloody clothes washed. Several objections were lodged against the admission of this testimony, among them being that appellant was not present at the time Newman had the bloody clothes washed and knew nothing of it and that no conspiracy between him and Newman had been shown. No facts in support of the objections are stated in the bill. Mr. Branch, in his Ann. P. C. of Texas, at page 134, lays down the rule as follows:

"A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections."

Numerous authorities are cited in support of the foregoing proposition. Because of its insufficiency in the respect mentioned, appellant's said bill fails to manifest error.

Bill of exception No. 2 is in the same attitude as the foregoing bill.

By bill of exception No. 3 appellant complains of the action of the court in refusing to permit him to ask the injured party if it wasn't a fact that he had admitted to certain parties that he had stolen and sold a steer belonging to George Newman. It appears that appellant desired to ask the question for the purpose of laying a predicate for impeaching the witness. The bill of exception fails to show what the answer of the witness would have been. "A bill of exception taken to the refusal of the court to permit a witness to answer a question, whether on direct or cross-examination, must show what the answer of

the witness would have been in order to entitle it to consideration on appeal." Branch's Ann. P. C., Sec. 212. Moreover, it is not shown by the bill of exception that a proper predicate was laid for the impeachment of the witness. "Before a party is entitled to impeach a witness by proof of contradictory statements a predicate must be laid calling the attention of the witness to the time, place and person to whom it is claimed the contradictory statement was made." Branch's Ann. P. C., Sec. 179, and authorities cited. It is necessary that a bill of exception to the refusal of the court to permit the accused to impeach a witness by proof of contradictory statement show that the proper predicate had been laid. Branch's Ann. P. C., Sec. 212, and authorities cited. We may also add that sufficient facts are not stated in the bill to show that the matter inquired about was relevant and material to any issue in the case. We must therefore overrule appellant's contention that error is manifested.

By bill of exception No. 4 appellant complains of the action of the court in permitting George Roberson, the injured party, to testify that on the day after he was whipped, he went to Navasota with Mr. Newman and appellant and went up to the doctor's office where Mr. Newman told the doctor that he, Roberson, got his eye hurt in an automobile accident. Appellant's objection to such testimony was that it was prejudicial to him and had no bearing on any issue of the case; that he was not present at the time the statement was made; and that the conversation and acts in the doctor's office could not be binding on him. What we have said in the discussion of bill of exception No. 1 is applicable to the bill now under consideration. No facts are stated in the bill which would verify the truth of appellant's objections.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.