JEFF McDANIEL v. THE STATE.

No. 12444.   Delivered April 24, 1929.
Rehearing denied May 29, 1929.

The opinion states the case.

*Mathews & Feally,* for appellant.

*Meade F. Griffin,* District Attorney and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The indictment contains two counts, the second being for the transportation of intoxicating liquor containing more than one per cent of alcohol by volume. This count only was submitted to the jury in the charge of the court. The statement made by appellant two or three days prior to his arrest upon the charge in this case, that he was making a living selling home brew, seems admissible. In the development of the facts here it came out that a carton or case of beer or home brew was found located in a field at a point to which appellant and one Thorne had gone, and to which they later returned on the occasion of their arrest by the officers. The statement made by appellant was admissible for what it was worth as shedding light upon his connection with the home brew or beer involved.

Professor Scoggins made an analysis of samples of the liquor found at the point referred to and was permitted, over objection, to testify upon this trial as to the alcoholic content of same. His testimony was objected to, first, upon the ground that no connection was shown between the liquor analyzed by him, and that found at

the point where appellant and Thorne were arrested, and further because the analysis was made twelve or fifteen days after the arrest, and the alcoholic content found therein at the time was not germane to any issue in this case and not binding on appellant. The bill is qualified by the statement of the learned trial judge to the effect that the liquor analyzed by Mr. Scoggins was shown by the various witnesses through whose hands it passed, to be the same found at the place of appellant's arrest. We find nothing in the testimony herein from which it could be inferred that there might have been any change in the alcoholic content of the liquor analyzed, from the time of the arrest until the time of its analysis. Mr. Scoggins testified that there had been no change in the alcoholic content from the time one sample of the liquor was furnished him until another was furnished him.

By another bill complaint is made of the fact that Professor Scoggins was not shown to be qualified, and that he did not sufficiently show knowledge of the contents of the bottles of liquor furnished him, and that the State failed to show that the contents of the bottles analyzed were in the same condition when analyzed as at the time of capture. The burden rests upon one making objection to manifest the soundness thereof by recitals of fact in the bill. Mr. Scoggins testified that he had been teaching chemistry for a number of years and that he could determine by analysis the alcoholic content of the liquor submitted to him, and that the process used by him was one which produced correct results. There is nothing in the record suggesting the possibility of any change in the liquor from the time of its capture until it was analyzed.

Professor Scoggins testified that in his first analysis of the liquor, at some step in same, the part being analyzed was left for a time and blew out the stopper and spilled over the laboratory. The analysis of this liquor gave an alcoholic content of something over two per cent by volume. He further said that he made another analysis of the liquor which showed an alcoholic content of something like six per cent, and in his opinion the difference between the results obtained came about through the occurrence of the blowing out of the stopper of the flask with which the first analysis was being conducted. We see no sufficient ground for objection to this.

Complaint is made in bill of exceptions No. 5 of the testimony of one Sherbert, a witness for the defense, that he was related to Mr. Thorne and not related to appellant. Nothing in the bill shows any reason for rejecting this testimony.

Complaint is made by another bill in regard to certain testimony elicited from appellant on cross-examination by the district attorney. It appears from same that appellant admitted going to the place where the capture was effected, in company with the man Thorne; also that he gave a dollar for four bottles of beer which they expected to get at said place and drink. We do not comprehend the force of the objections made, viz: that said testimony raised the presumption in the minds of the jurors that appellant was making statements which were not true. We see nothing improper in the questions propounded to appellant relative to having been arrested and indicted for offenses involving moral turpitude. Such testimony is admissible for the purpose of affecting, if the jury believe it does affect, the credibility of the accused as a witness.

There is complaint in the motion for new trial of misconduct on the part of the jury, consisting of the fact that while in the jury room one of the jurors stated that he operated a brick plant in connection with which he had conveyor belts, some long and some short, and that a short belt was as much a conveyor and conveyed brick as effectively as did those that were longer. We are not inclined to agree with appellant's contention regarding this. It appears to us that it was merely an argument on the part of the juror relative to the facts in this case, viewed from the light of his observation and experience. The fact that he had operated a brick plant, added no force to his argument. Any man who had seen this or a similar contrivance could have advanced the same argument as effectively. We think nothing in the matters appearing in the development of testimony as to what occurred in the jury room upon the hearing of the motion for new trial, shows any misconduct on the part of the jury. Frazier v. State, 268 S. W. Rep. 164.

In our opinion the facts justified the jury's conclusion of guilt. Officers saw appellant and Thorne driving around, and being evidently suspicious, followed them. They were seen to go down to a place and stop, and after they left the officers went down there and found two empty beer bottles. Later appellant and Thorne were seen to go out to a field of some kind of grain into which Thorne went. After they left this place officers investigating found a carton or case with thirteen bottles of beer in it. At a later time appellant and Thorne came back to this point. The carton of beer was four or five rows within the field. Appellant stopped the car near the fence and Thorne got over in the field, went to the case, picked it up and started back toward the car. The officers stopped

him about the time he got to the fence, according to their testimony. This we think a sufficient transportation of the liquor. Tullos v. State, 268 S. W. Rep. 174. That appellant was with Thorne and that the act of Thorne was the act of appellant seems fairly inferable from the facts. Waterhouse v. State, 265 S. W. Rep. 558; Odneal v. State, 272 S. W. Rep. 784; Beneficio Tendia v. State, No. 10,229, opinion February 6, 1929.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

Appellant predicates his motion for rehearing on two points which were discussed in our original opinion. We have again examined the record as it relates to these two matters. The re-examination only confirms our views heretofore expressed.

The motion for rehearing is overruled.