GEORGE PROCK v. THE STATE.

No. 12917.   Delivered January 15, 1930.
Reported in 23 S. W. (2d) 728.

The opinion states the case.

*Art Schlofman* of Dalhart, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Upon complaint and information appellant was tried in the county court and adjudged guilty of aggravated assault.

The prosecution having originated in the county court a valid information was indispensable, and it must have been based upon a sufficient complaint.

An assault becomes aggravated when committed by an *adult* male upon the person of a female.   (Art. 1147, P. C., Subd. 5.)   The complaint averred that appellant was a "male person," and that he committed an assault upon Estell Prock who was a female.   Having omitted to aver that appellant was an "adult" male the complaint charged a simple assault only.   The information charged an assault but averred that appellant was an "adult" male and that he committed an assault upon Estell Prock, a female.   Furthermore, the information alleged the date of the offense to have been on or about October 3d, 1929, but it was filed in court on January 28th, 1929, which was eight months before the offense was alleged to have been committed.   One of the indispensable requisites of an information is that the time mentioned therein as the date of the offense be "some date anterior to the filing of the information."   (Art. 414, C. C. P., Subd. 6.)

The variance between the complaint and information and the defect as to "time" mentioned in the information were raised and called to the trial court's attention in various ways, but appellant's complaints were in every instance overruled. Upon the question of variance many cases are found collated in Note 6, under Art. 415, Vernon's Texas C. C. P., Vol. 1, and upon the question of "time" many are collated under Note 10, same article and volume.

Under the record presented this court has no option but to reverse and remand.

It is so ordered.

. *Reversed and remanded.*