# Frank Norton v. The State.

No. 14549.   Delivered December 9, 1931.
Rehearing Denied February 17, 1932.
Application for Leave to File Second Motion for Rehearing Denied April 6, 1932.

The opinion states the case.

*Dave Watson* and *J. Franklin Spears,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

·CALHOUN, JUDGE.—Robbery with firearms is the offense; the punishment, confinement in the penitentiary for five years.

The state's testimony showed that a man by the name of Williams,

who was a driver of a bus operated over an established line in the city of San Antonio, Texas, on the night of July 10, 1931, was held up and robbed at the point of a pistol and about $22 in money was taken from him. He positively identified the appellant as the perpetrator of the robbery. A witness by the name of Stowe, a deputy constable, said that on that night between 9:30 and 10:00 o'clock, he saw the appellant and five other persons driving rapidly and coming out of a street which was shown to be within about three blocks of where the holdup was claimed to have occurred. It was not shown to be appellant's car and he was not driving it, but was present in the car with the others.

Appellant's defense was that of an alibi to which a number of witnesses testified. The appellant also offered a number of witnesses as to his being a peaceable, law-abiding citizen. There was no exceptions taken to the court's charge.

Bill of exception No. 1 complains of the trial court permitting the witness George Stowe to testify, in response to questioning on the part of the state, to the following statement:

"I was coming up South Presa Street in the neighborhood of one hundred yards of the other side of the boulevard and Upon Sinclair was driving this Ford roadster, and he whipped out on South Presa Street in the neighborhood of about fifty or fifty-five miles an hour, and he slid clear across the pavement out into the gravel."

The appellant objected to this testimony because it was immaterial, irrelevant, and calculated to prejudice and inflame the minds of the jury against defendant because the defendant, while riding in the car, was not driving or operating the car and it was not shown that the car was under his control; because the acts or declarations of a third person could not be binding upon this defendant wherein this case is wholly devoid of any conspiracy theory.

This bill does not set out the question in response to which the evidence complained of was given. It does not set out enough of the surrounding facts and circumstances to disclose that the ruling of the trial court admitting the testimony was erroneous and prejudicial to appellant. The statement of his ground of objection by appellant's attorney does not establish the truth of matters so stated. So far as the bill shows, there may be abundant testimony in the record making the testimony of said witness George Stowe material. Duda v. State, 109 Texas Crim. Rep., 573, 6 S. W. (2d) 115; Willingham v. State, 109 Texas Crim. Rep., 272, 4 S. W. (2d) 78; Holliman v. State, 108 Texas Crim. Rep., 92, 299 S. W., 249; McDaniel v. State, 112 Texas Crim. Rep., 498, 17 S. W. (2d) 821.

Bill of exception No. 2 complains that while the defendant, Frank Norton, was testifying as a witness in his own behalf that his counsel propounded to him the following question, to-wit: "I want you to tell the

jury about how much you made and are making a week with your truck hauling this stuff or material." The bill further shows that the district attorney objected on the ground that said question was irrelevant and immaterial; that said objection was sustained by the court, to which appellant excepted. The bill further shows that it is admitted for the purpose of this bill of exception, that the appellant in answer to the foregoing question would have testified as follows:

"I made between twenty-five and fifty dollars per week and have been making this amount for over two years, and ever since I had my own truck."

The bill further shows that the defendant, Frank Norton, testified that he had been steadily employed for several years and had been in the trucking business hauling material for the San Antonio Machinery Co. and several other concerns for approximately two years and now he had his own truck. Other witnesses are shown by the record to have testified that Frank Norton had worked for them for a considerable period of time. It is also shown that it was admitted for the purpose of the bill that the testimony showed the appellant to be working during the entire month of July, 1930, during which time this robbery was alleged to have occurred.

The bill of exception, as well as the statement of facts, showed that the appellant was permitted to testify fully as to his work and his occupation. As to the exact amount that he was making per week, we cannot see that it would have been a great deal of importance one way or the other, and there is an utter failure on the part of the bill to show how this testimony could have been so material as the exclusion of it injured him in any way.

Bill of exception No. 3 complains that the defendant introduced as a witness in his own behalf his mother, Mrs. F. Norton, Sr.; that after her direct examination, the state was permitted to ask the witness on cross-examination, "On or about the 28th day of March, 1930, where was Frank that evening?" The appellant objected to said testimony because immaterial and irrelevant and had no place in the record; because the defendant was under indictment for the robbery of S. R. Poor and C. M. Cox on March 28th, 1930, and this question seeks to force the defendant to present at this time his defense to two other and independent and extraneous offenses; and because this question indirectly forces the defendant to present his defense to an independent and extraneous offense, and there is no just theory upon which the district attorney would be authorized to force this defendant to present his defense to this matter; because the question asked by the district attorney does not connect the defendant with the transaction for which he is being tried, or his intent, and is improper under any theory of the law. The court overruled said objec-

tion, and the mother of the appellant was allowed to answer, "I believe he was in Hebbronville, Texas."

The bill further shows that it was admitted for the purpose of the bill that Frank Norton testified in his own behalf and while testifying on cross-examination the district attorney interrogated the witness as to these other charges, namely, Case No. 37540, Robbery by Assault against S. R. Poor, alleged to have occurred March 28th, 1930; Case No. 37538, Robbery by Assault with Firearms against C. M. Cox, alleged to have occurred March 28, 1930, and that the defendant, Frank Norton, testified in his own behalf prior to and before the witness, Mrs. F. L. Norton, Sr., testified and was cross-examined.

As we understand the brief of the appellant, it is conceded that it was permissible for the state to show for the purpose of impeachment that the defendant was under indictment or legal charge involving moral turpitude, but further than this the state could not go, his contention being, as we understand it, that it was an attempt to go into details of an offense or offenses for which the appellant stood charged. If there was any attempt on the part of the state to go into the details of either of the offenses charged in the indictment, the bill does not show it. So far as the bill shows, there was no further question asked regarding the matter nor was it presented again, either in the testimony or elsewhere. From the bill itself, we gather that the appellant was under indictment for two robberies in the city of San Antonio on or about the 28th day of March 1930, and we cannot perceive that any injury resulted to the appellant when his mother was permitted to say that on that occasion he was not even in the city of San Antonio. It is also shown that the appellant by his own testimony told about being under indictment for robbery. We see no error that would call for reversal of this case.

Bill of exception No. 4 complains of the action of the trial court in permitting the state, over the objection of the appellant, to ask the appellant on cross-examination, the following question: "You are the same Frank Norton that was charged by complaint with the offense of theft of property under the value of $50.00 in County Court No. 1 on August 12, 1927, which complaint was later dismissed?"

The court overruled the objection and the appellant answered, "Yes." Appellant objected to such question and answer because said question was immaterial and irrelevant; because the defendant was exonerated by dismissal in this case; because it was an indirect and collateral attack upon the credibility of the witness; because the charge was a misdemeanor and is too remote to be shown during this trial, and having been dismissed is improper for any purpose. Felonies and misdemeanors which involve moral turpitude are provable against witnesses on cross-examination as affecting their credibility. The appellant contends in his brief that all prosecutions in the county court which originate therein must be by

complaint and information or else upon an indictment. In this contention, we think that he was correct and where no information was ever filed and the case dismissed, there was no legal charge of crime such as to be admissible for impeachment, and it seems to be the law where the prosecutions originated in the county court a valid information was indispensable to its jurisdiction. See Prock v. State, 114 Texas Crim. Rep., 411, 23 S. W. (2d) 728; Etheridge v. State, 76 Texas Crim. Rep., 41, 172 S. W., 784; Beakes v. State, 78 Texas Crim. Rep., 603, 182 S. W., 464; Shamblin v. State, 88 Texas Crim. Rep., 589, 228 S. W., 241; Wright v. State, 63 Texas Crim. Rep., 429, 140 S. W., 1105; Criner v. State, 89 Texas Crim. Rep., 226, 229 S. W., 861; Brown v. State, 105 Texas Crim. Rep., 605, 289 S. W., 387; Harris v. State, 106 Texas Crim. Rep., 539, 293 S. W., 825. But as shown by this bill of exception, there was no objection made to the question propounded to the appellant and his answer thereto on the ground that it was not shown that there was no information filed in the county court, nor is there any showing in said bill that an information was not filed therein on a proper complaint in said case. It would be ordinarily presumed in the absence of proof to the contrary that cases originating in the county court would not only be made upon a complaint but also that information was filed based thereon. There was no objection made on behalf of the appellant as to the admissibility of this evidence complained of because of the lack of information being filed in said court. It is also to be reasonably presumed that had such objection been made, the trial court would not have permitted same to be answered until it was shown that not only a complaint had been filed against the appellant but that information had been filed based thereon. We therefore feel constrained to hold that reversible error is not shown.

Bill of exception No. 5, as qualified by the trial judge, shows that when both of the parties announced ready for trial, the court directed the clerk to call the list of names of the special venire, and immediately upon the concluding of the calling, the court stated to the veniremen, "Stand up and be sworn"; the court propounded to the special veniremen the oath required touching their services and qualifications as jurors. The court did not read to the jurors article 612. While they were standing up, he asked each of the jurors if they were qualified voters in Bexar county, under the laws and constitution of the state of Texas; if they were householders in Bexar county, or freeholders in the state; if they were able to read and write; then the court stated, "Gentlemen, I am going to read you article 616, which sets forth the disqualifications of jurors and if any of you gentlemen after hearing that article read labor under any of those disqualifications, please come forward and quietly tell the court so."

The court further qualified the bill as follows: "That quite a few

of the jurors came forward, and two or three said they were over age and claimed their exemption, and quite a few said they were opposed to capital punishment. No other disqualification by any juror was stated by any juryman. That when he stated to the veniremen that he was going to read article 616, the counsel for the defendant arose and objected and took exception to that, and he stated to counsel that he would give him a full bill on that proposition. The error, if committed by the court and the only error, and the only failure of this court to proceed according to the statutes strictly, was in the reading of article 616,, and asking the jurors if any of them were laboring under any of these disqualifications to come quietly forward and make it known to the court. The court at no time asked any of the jury any specific question."

There are numerous objections put in the bill of exception, among them because certain other questions under article 616, Code of Criminal Procedure, 1925, particularly Nos. 3 and 4, called for information on the prospective jurors about matters and things which were not proper to interrogate them about and which they could only present in accordance with the law by producing in court, while the jurors were being examined on their voir dire examination, of a certified copy of conviction, if any, of the prospective juror, or a certified copy of the indictment if the said juror was under indictment. That by article 616, Code of Criminal Procedure, it is made a ground of disqualification of a juror that he is under indictment or other legal accusations for theft or any felony under section 4 of said article; and, under section 3 of said article, that he has been convicted of theft or any felony; but while this is a ground of disqualification, the statute expressly prohibits in article 618 that in examining the juror, he shall not be asked a question to answer which may show that he has been convicted of an offense which disqualifies him, or that he stands charged by some legal accusation with theft or felony.

Section 5 of article 616, C. C. P., provides as a disqualification that if a person be insane or has such defect in the organs of seeing, feeling or hearing, or such bodily or mental defects or disease as to render him unfit for jury service.

Article 619, Code of Criminal Procedure, provides that no juror shall be impaneled when it appears that he is subject to the third, fourth, or fifth clauses of challenge in article 616, though both parties may consent.

There is an utter failure in said bill of exception to show that any juror was excused on account of the action of the trial court or that any juror was disqualified who was a qualified juror, or that the court excused any juror who was a qualified juror, nor does it show that the appellant excepted to anything except to the reading of article 616 of the Code of Criminal Procedure. Appellant made no motion to set aside the venire by reason of the court's action, but the record shows that he pro-

ceeded to select the jury and made no complaint about the members of the jury selected. The bill does not show that the reading of article 616 effected any of the jurors in any manner, and unless some injury is shown to the appellant's rights under the law in the selection of the jury or that some juror objectionable to him was placed upon the jury, we do not feel called upon to disturb the verdict alone upon the matters complained of in this bill.

We do not intend by our holding in this opinion to give our approval to the reading to the jury of article 616 of the Code of Criminal Procedure of Texas because in so doing under other facts it might lead to complications which would require the discharging of the entire panel or the reversal of the case upon appeal. We think that the trial court should proceed as provided in articles 612 and 613 of the Code of Criminal Procedure in testing the qualification of a juror after he has been sworn, and that if any challenge for cause is made or any question shall arise as to the qualification of any juror under the third, fourth, or fifth clause of challenge in article 616, C. C. P., any examination as to said challenge and the hearing of any evidence for on against said challenge, as provided for under article 617, C. C. P., should be heard separate and apart and out of the hearing of the balance of the venire.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W., 1096, and authorities there cited, we had before us cases in which a plain and affirmative mandate of our statute establishing the right of each party to an action to have a jury drawn by a certain method and manner,—was disregarded. We have here no such question raised by appellant's bill of exception No. 5, discussed and the point decided adversely to appellant in our original opinion. Whether article 618, C. C. P., was written in the law for the benefit or protection of veniremen from insinuating questions which might subject jurors so interrogated to suspicion or question in the minds of other members of the panel not so interrogated, we do not feel called on to decide,—but do not hesitate to say that the complaint here is one which does not take from this appellant a single affirmative right he might claim in the selection of jurors to try his case. He had no right to have upon his jury any man who was subject to the disqualifications set out in subdivisions 3, 4 and 5 of article 616, C. C. P., and if one such did sit thereon, the verdict and judgment would be ipso facto invalid under our statute and

all our holdings. See article 619, C. C. P.; Guyon v. State, 89 Texas Crim. Rep., 287, 230 S. W., 408; Spears v. State, 91 Texas Crim. Rep., 51, 237 S. W., 270; Lowe v. State, 88 Texas Crim. Rep., 316, 226 S. W., 674. Upon the happening of the matter complained here in this bill, no juror announced to the court his disqualification as such, under any of the subdivisions of article 616 referred to. We do not think the rule laid down in the Bell case, supra, and others relied on by appellant, applicable. We see no error in our disposition of said bill of exception No. 5.

Nor do we think we wrongly decided the complaint in bill of exception No. 4, supposed error in which is again brought forward. There can be no question but that charges in our county courts are initiated by complaints, while it is further true that they can not be tried legally until an information has been filed and the case brought before the court upon such information. The question asked appellant while on the witness stand, complaint of which appears in said bill of exception No. 4, was not objected to upon the ground that the case was dismissed or the pleadings held invalid because no information was filed. Had this complaint been made, the attention of the trial court and the state's attorney would have been directly challenged, and the matter could have been fully and clearly passed upon. The objections made by the appellant were not such as to call the attention either of the trial court or the state's attorney to the point now discussed and here insisted upon by appellant as being cause for holding the question referred to incompetent and its answer inadmissible.

Believing the case properly decided originally, the motion for rehearing will be overruled.

*Overruled.*