### OTIS EVERSOLE V. THE STATE.

No. 10808.    Delivered March 23, 1927.

Rehearing denied May 4, 1927.

**1.—Theft of Cattle—Continuance—Second Application—Properly Refused.**

Where, on a trial for theft of cattle, appellant moved for a second continuance, which was refused, and presents this refusal as error in his motion for a new trial. The state contested his motion; evidence was heard thereon, and the motion overruled. The evidence heard is not brought forward in the record. The presumption is that the court did not abuse his discretion in overruling the motion, under the evidence heard. See Cruz, v. State, 272 S. W. 486.

**2.—Same—New Trial—Absent Testimony—Rule Stated.**

Judge Hawkins in the Cruz case, supra, on rehearing, said: "It is the trial judge who must refuse or grant a new trial, and hence with him

necessarily must rest the judicial discretion of determining whether the alleged absent testimony is true, in view of all the evidence heard during the trial."

### 3.—Same—Continued.

(Note by Reporter:)    The facts in the instant case, and the Cruz case, were very similar, and the rule stated, supra, by Judge Hawkins is applicable.    It is further held, however, in  numerous recent cases, that if, in his motion for a new trial, if the diligence shown is sufficient, and the appellant attaches the affidavit of the absent witness, and such testimony is material to the defense, a new trial should be granted.

### 4.—Same—Challenge of Juror—Bill of Exception—Incomplete—No Error presented.

Where appellant complains that the court overruled his challenge of a juror for cause, on the voir dire examination, on the ground that the juror was disqualified, and his bill fails to show that his peremptory challenges were exhausted, nor that any objectionable juror was forced on him, no error or injury is presented in such bill.

### 5.—Same—Evidence—Properly Admitted.

Where, on a trial for theft of one cattle, there was no error in permitting the state to prove by the witness Scott, that one Rusky had found and recovered the alleged stolen animal in appellant's pasture, said Rusky having himself testified to the same effect, no injury could have been done to appellant.

### 6.—Same—Impeaching Witness—Held Improper.

There was no error in refusing to permit appellant to ask state's witness, Howard Smith, the question: "How many times have you been in jail, before you came to Houston?"   A witness cannot be impeached by showing merely that he had been in jail.

#### ON REHEARING.

### 7.—Same—New Trial—Practice on Appeal.

Where appellant has asked for a continuance because of the absence of certain witnesses which is refused, and in his motion for new trial complains of the denial of a continuance, in order to determine whether it was error, this court looks to the record.   If there is nothing leading us to believe that the witnesses named in the application for a continuance, were present, when the motion avers that they were, or that they would have given the testimony stated by appellant, as expected of them, the action of the trial judge in refusing the continuance will not be disturbed.   Distinguishing Roquemore v. State, 114 S. W. 140.

Appeal from the District Court of Fort Bend County.  Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for theft of one cattle, penalty two years in the penitentiary.

The opinion states the case.

*F. O. Fuller* and *C. H. Chernosky* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of cattle theft, and punishment fixed at two years in the penitentiary.

We have carefully read the statement of facts in this case and have concluded the evidence is sufficient to sustain the verdict of the jury.

The first bill of exception complains of the action of the court in overruling the appellant's second application for a continuance based on the absence of the witnesses S. Dement, Ben Rainey and Wilbur Rainey. The ruling of the court was assigned as error on a motion for a new trial. The state appeared by her attorney, and the appellant in person and by his attorney, and the court heard the evidence on the motion for a new trial and overruled it. The evidence offered on the motion for a new trial was not brought forward into the bills of exception nor elsewhere in the record. The presumption is that the court did not abuse its discretion in overruling the motion, and that the evidence warranted him in finding that the facts expected to be proved by the absent witnesses were probably not true and would not in any way have affected the verdict of the jury. In the case of Cruz v. State, 272 S. W. 486, Judge Hawkins, writing for the court on a motion for rehearing, stated as follows:

"It is the trial judge who must grant or refuse the new trial, and hence with him necessarily must rest the judicial discretion of determining whether the alleged absent testimony is probably true in view of all the evidence heard during the trial."

A careful review of the record in this case discloses no abuse of that discretion lodged in the learned trial judge in passing upon appellant's application for a continuance and motion for a new trial.

In another bill of exception appellant complains of the action of the learned trial judge in overruling his challenge for cause to a juror whom he contends was disqualified. This bill does not show that the appellant had exhausted all of his peremptory challenges and neither does it show that he was forced to accept an objectional juror. As presented, this bill shows no error.

Appellant, by bill of exception, complains of the action of the trial court in permitting the witness Oscar Scott to testify that the witness Willie Ruskey went to his, Scott's, place and got one

head of cattle. Objection was also made to the following question propounded to said witness Oscar Scott:

"Now, Mr. Scott, where did you * * *, first describe the animal that Mr. Ruskey came there and got from your place."

To which question Mr. Scott answered: "A red heifer yearling, and I believe it had a little white on its face."

This testimony was objected to on the grounds that the same was irrelevant to any issue in the case, and was not admissible because such remarks and such evidence were not made in the presence and hearing of the appellant, and that the appellant was not bound by any act or conversation that the witness Scott had with Willie Ruskey or any other person not within the presence and hearing of the appellant. We are unable to agree with the contention of appellant because we find in the record where witness Scott had testified as follows:

"I roped that animal out of Mr. Eversole's pasture. Yes, sir, that is the defendant's pasture. I believe that it was about May 30 that I got her out of his pasture. This heifer had a W draw-knife brand on her. That is Willie Ruskey's brand. She also had an 'OE' brand on her. That is Eversole's brand—this defendant's."

The testimony of the witness Oscar Scott complained of in this bill was clearly admissible as tending to connect the appellant with the cow belonging to the witness Willie Ruskey. We are unable to see in what way this testimony worked any injury on the appellant.

The appellant, by bill of exception, complains of the action of the trial court in sustaining the state's objection to a question propounded by the appellant to the prosecuting witness, Howard Smith, as follows:

"How many times have you been in jail before you came to Houston?"

The rule is that a witness may be impeached by showing he has been legally charged or convicted of an offense of the grade of felony or some offense involving moral turpitude. The mere fact that he had been in jail would not in any way tend to show that he had been convicted or charged with a felony or any offense involving moral turpitude. The court was clearly right in sustaining the state's objection.

There being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of our opinion on this rehearing solely because we upheld the action of the lower court in refusing his application for a continuance.   He cites the case of Roquemore v. State, 114 S. W. 140.   We perceive no contradiction at all between the holding in the Roquemore case and the instant case.   Appellant asked for a continuance because of the absence of certain witnesses.   The continuance was refused. The motion for new trial was based in part on the refusal of the continuance.   The motion for new trial was refused.   This was complained of as error.   In order to determine the question as to whether it was error, we look to the record.   There is nothing in the record leading us to believe that the witnesses named in the application for continuance were present when he says they were, or that they would have given the testimony stated by appellant as expected of them.   In such case the trial judge has discretion, and unless there be something in the record to lead us to believe that his refusal of the motion for new trial was an abuse of that discretion, we will uphold his action.

Believing the decision announced in our original opinion correct, the motion for rehearing is overruled.

*Overruled.*