## R. C. Collier v. The State.

No. 11123.　Delivered November 9, 1927.

Rehearing denied December 14, 1927.

**1.—Theft—Evidence—Impeaching the Defendant—Held Proper.**

Where, on a trial for theft, there was no error in permitting the state on cross-examination to prove by appellant that he had been arrested and confined in jail at Lamesa charged with swindling. Under all the authorities, one on trial who takes the stand in his own behalf may be asked if he hasn't been in jail or arrested charged with a felony or an offense involving moral turpitude. Distinguishing Shamlin v. State, 228 S. W. 241, and Eversole v. State, 294 S. W. 207.

**2.—Same—Argument of Counsel—Time Allowed—Discretion of Court.**

Unless the time limit placed upon the argument is unreasonable or arbitrary, the discretion of the trial judge in limiting the time will not be interfered with on appeal. One hour's time given in this case, all of which was not used by appellant's attorney in view of the evidence adduced, was not unreasonable nor calculated to injure appellant's rights. See Blonk v. State, 93 Tex. Crim. Rep. 638.

**3.—Same—Charge of Court—Requested Charge Given—No Error Shown.**

Where appellant complains of the main charge of the court in failing to submit his defensive theory of a taking of the property under a claim of right, and the record shows that the issue was fairly submitted in a special charge given at the instance of appellant, no error is shown.

### ON REHEARING.

**4.—Same—Impeaching the Defendant—No Error Shown.**

Where appellant on cross-examination testified that he served a term in jail at Lamesa for swindling, was not made inadmissible by his further statement that he was not indicted for that offense. It being one involving moral turpitude, a conviction could be had in the County Court, evidence

of which would be properly received. It not appearing that our original opinion was not a correct disposition of the issues presented, the motion for rehearing is overruled.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Saunders & Bounds* of Breckenridge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for felony theft, punishment two years in the penitentiary.

The charge was theft of pipe. The proof showed that under the direction of, and by authority from appellant, truck drivers carried over $500 worth of oil pipe belonging to one McCurdy, to Breckenridge and put it in a pipe yard there. Appellant told several parties the pipe was his and that he wanted to sell it. He defended upon the proposition that one Meyers claimed to own the pipe, and that Meyers authorized him to take it and sell it upon a commission, and that it was with this in view that appellant had the pipe hauled to Breckenridge. Meyers did not appear and testify, and the inference arises from questions asked appellant when a witness on the stand, that Meyers had left the country.

Appellant took the witness stand in his own behalf and was asked relative to having been in jail at Lamesa, and admitted that he had been in jail there for swindling. The admission of this testimony and arguments relative thereto is made the subject of several bills of exception which are presented in the brief of appellant under the proposition that the court erred in admitting the testimony and permitting this argument. The qualification of the court to each of said bills of exception shows that appellant admitted his incarceration in said jail was upon the charge of swindling. Examination of the statement of facts shows that appellant admitted that such was the fact. Swindling is an offense which involves moral turpitude. Under all the authorities one on trial who takes the witness stand in his own behalf may be asked if he has not been in jail or arrested and charged with a felony, or an offense involving moral

turpitude. We have examined the authorities cited by appellant and do not think them in point. The case of Shamlin v. State, 228 S. W. 241, held inadmissible evidence of the fact that one was arrested and charged with a felony in a justice court, the evidence being held inadmissible because the grand jury had been in session and adjourned without indicting the accused. The case of Eversole v. State, 294 S. W. 207, is one in which the accused was asked if he had ever been in jail, without any showing or attempt at showing what the charge against him was. These cases present an entirely different principle from that here involved. We find no error in the action of the court in this matter.

It appears that appellant's counsel wanted an hour to argue the case. The court told them he would allow only forty-five minutes to the side for argument. Appellant had two attorneys. Upon this announcement by the court one of the attorneys left the court house and went to his office. While the State's Attorney was making his opening argument, the court reconsidered the matter and announced that he would allow an hour to each side. There is no showing that any effort was made to obtain the presence of the attorney who had absented himself, nor is there any showing that the attorney who remained was not amply able to present the case to the jury. The bill is qualified by the trial judge stating that the hour allowed by him for argument was not consumed by the attorney for appellant. We know of no authority holding that the court may not fairly limit the argument. The case before us was a short one upon the facts. The attorney who argued same for appellant concluded his argument in less than an hour. We intimated in Blonk v. State, 93 Tex. Crim. Rep. 638, that we would not hold a limitation placed upon the argument to be unreasonable or arbitrary where the facts showed that the time allotted was not consumed. We are not led to believe that the court below abused his discretion in the limitation placed upon the argument in this case.

Complaint is made of the refusal of several charges which, in different language, sought to have the jury told that if appellant took the property in question under a belief that he had the right to do it, he should be acquitted. There also appears an exception to the charge of the court for its failure to submit affirmatively that if appellant did take the property under a claim of right, or upon a belief that he had the authority to take it, he should be acquitted. We find in the record a special charge prepared by appellant, which was given by the court,

in which the jury were told that if they found from the evidence that at the time appellant took the property in question he believed that one Meyers had the authority from the owner of said property to sell the same, and that appellant took same with the knowledge and consent of said Meyers, or if the jury had a reasonable doubt of these facts, they should acquit, and this regardless of whether or not Meyers had the right to dispose of said property. We think this charge amply protected the rights of the appellant and presented to the jury the theory embraced in the special charges which were refused.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant says that we erred in our disposition of his complaint of the reception of evidence that he had been incarcerated in the Dawson County jail, and insists that he testified sufficiently showing that no indictment was returned against him after being complained against in said county. Appellant's testimony in this regard given in answer to a question apparently as to whether he had been confined in jail in Lamesa, was as follows: "I was carried to Lamesa and served a term in jail there for swindling. I had just one complaint filed against me at Lamesa for swindling. That after I came back here. There was no indictment returned against me there." There is nothing in the record, or in the testimony quoted, showing that the complaint referred to was one made before a magistrate as the basis for a preliminary hearing. A prosecution for misdemeanor swindling in the County Court punishable by confinement in the county jail might be upon complaint and information, and there would have been no necessity for an indictment. Proof of the fact that one had served out a term in jail for swindling, based upon a complaint in the County Court, would be admissible, when the object of such proof was to affect the credibility as a witness of the party referred to.

We have again reviewed the record in the light of appellant's insistence that his claim of right to take and dispose of the property charged to have been stolen was not sufficiently presented to the jury in the charge. The special charge referred to in our former opinion, which was prepared in language evidently deemed sufficient by appellant's counsel, seems to us to closely follow and adequately present the theory upon which such claim of right could have been based, if at all.

The motion for rehearing will be overruled.        *Overruled.*