## BOSSEY TAYLOR v. THE STATE.

### No. 3822.   Decided January 23, 1907.

**1.—Murder in First Degree—Argument of Counsel—Fair and Impartial Trial— Race Prejudice—Death Penalty.**

Where upon trial for murder the counsel for the State in his argument demanded a verdict inflicting the death penalty regardless of whether the facts authorized murder in the second degree, and appealed to race prejudice to extort from the jury a death penalty, and alluded to the fact that defendant's previous incarceration in the penitentiary (which was admitted for the purpose of testing the credibility of defendant as a witness) did not do any good, and that defendant should be hanged, such argument was unauthorized, illegitimate, highly inflammatory, and prejudicial to the rights of defendant, and merited not only a severe reprimand but in the absence of a charge to the jury to disregard the same is reversible error.

**2.—Charge of Court—Limiting Testimony.**

Upon trial for murder the court should have, by proper charge, limited the testimony that defendant had served a term in the penitentiary, to his credibility as a witness.

**3.—Same—Charge of Court—Jury Exclusive Judges of Facts—Statutes Construed.**

Prior to the amendment of article 723, Code Criminal Procedure, it was reversible error for the court to fail to instruct the jury that they were the exclusive judges of the fact, etc., as provided under article 766 of said Code. Without discussing the question, it is suggested that it is the better practice to submit a charge of this character in all cases.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Pope.

Appeal from a conviction of murder in the first degree; penalty, death.

The State's testimony shows that while the deceased was in a saloon to take a drink with the proprietor, the defendant came into the saloon and asked if he could drink with the parties, saying, "White folks, give me some of that whisky"; deceased replied, "Who are you?" and had his hand in his pocket rattling his money, stepping behind the defendant and looking at him; that defendant backed inside the door, and when deceased got about five feet of the door, he said to defendant as he was standing there, "I don't know you," and defendant just raised up with a pistol and shot the deceased.

Defendant testified he acted in self-defense.

C. A. Lord, for appellant.—On question of objectionable argument of counsel: Patterson v. State, 60 S. W. Rep., 557. On matters not in the record: Stone v. State, 22 Texas Crim. App., 1185; Crawford v. State, 15 Texas Crim. App., 501; Clark v. State, 23 Texas Crim. App., 261; Murmutt v. State, 67 S. W. Rep., 508; Crow v. State, 33 Texas Crim. Rep., 264.

*F. J. McCord,* Assistant Attorney-General, for the State.—The State has never found a case where the court has reversed a case solely upon the ground of improper remarks of counsel except where the court below had refused a special charge on the subject. On the question as to whether the court should have charged that the jury were the exclusive judges of the fact, etc., counsel cited article 723, Code Criminal Procedure.

BROOKS, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death.

Bill of exceptions number 1 complains of the following statement in the argument by the county attorney: "I am well enough acquainted with this class of niggers to know that they have got it in for the race in their heart, and in their hearts call them all white sons of bitches." Defendant then and there, in open court, objected, and asked the court to reprimand the county attorney, and to admonish him against the use of such references to the defendant, to which the court only replied, "You can have your bill of exceptions," and failed and refused to reprimand the county attorney.

Bill of exceptions number 2 complains of the following statement in the argument of the county attorney, to wit: "The only punishment you can give this negro bully is to end his earthly career; if you send him to the penitentiary it will not reform him; he has been in the penitentiary for assault to murder and it has had no effect on him, and he goes out the first thing and gets a big six-shooter and goes to killing; he has been tried in the penitentiary, and that does no good, and you must not give him another chance in the penitentiary, for if you do he will watch his opportunity to kill the guards and escape." The language of the county attorney in his argument to the jury, as disclosed by these two bills of exception, was highly inflammatory and prejudicial of the rights of appellant, and the court should not only have reprimanded the counsel, but should have charged the jury to totally disregard such argument. The penalty in this case, as above stated, was death. Here we have the county attorney demanding of the jury that they should not consider whether the facts authorized murder in the second degree or not. He states in his argument that it would do no good to confine appellant in the penitentiary, as he would kill the guards and escape. This is not legitimate argument; in fact, no argument at all. As to what appellant should do in the penitentiary or would do, even conceding that he would kill the guard, which there is no evidence in this record to indicate, would not be a legitimate basis for forming a conclusion as to whether or not he was guilty of murder in the first or second degree. The defendant is entitled to a fair and impartial trial. The counsel should confine his arguments to proper and legitimate deductions of the evidence adduced upon the trial of the case. We apprehend that the facts in this case give as little excuse for resorting to extraneous

matters to prejudice the jury as most cases that are tried in the courts of this country, but here we have the county attorney resorting to race prejudice; in the first instance, to extort from the jury a death penalty, and in the second instance, we have him using the fact that the defendant had been previously confined in the penitentiary as a reason why he should not be again confined. The fact of appellant having previously been in the penitentiary was admitted by the court for the sole purpose of testing the credibility of the appellant as witness in his own behalf. It was legitimately admissible for this purpose, and could not legitimately be used for any other purpose. The court so informed the jury, in his charge, yet the county attorney uses the fact of previous incarceration in the penitentiary as a basis for concluding that he should be hanged now since his previous incarceration had not reformed him. It is true, no special charges were asked, but, nevertheless, in the light of this record this argument is so highly prejudicial as to exclude every other reasonable hypothesis than that it was prejudicial to the rights of appellant. It follows, therefore, that the court erred in not granting a new trial to appellant, on account of the argument and statements of the county attorney. Powell v. State, 70 S. W. Rep., 218; Fredrickson v. State, 70 S. W. Rep., 754; Robbins v. State, 11 Texas Ct. Rep., 560.

Appellant also objects to the following charge of the court: "The fact that defendant has served a term in the penitentiary for assault to murder cannot be considered by you in this case for any other purpose than affecting his credibility as a witness, and you are directed to consider it for no other purpose." This charge should have stated that the jury may consider it for that purpose, but he should have informed the jury that having admitted it for that purpose alone, that they were merely authorized to consider it for that purpose alone, if they thought it did affect his credibility.

Appellant further objects to the charge of the court in that it failed to charge the jury that they were judges of the facts proven, and of the weight to be given to the testimony. Article 766, Code Criminal Procedure, lays down the proposition that the jurors are the exclusive judges of the facts proven and the weight to be given to the testimony. The following authorities hold that it is reversible error not to give said charge. Weatherford v. State, 31 Texas Crim. Rep., 530; Jackson v. State, 21 Texas Crim. App., 442; Barbee v. State, 23 Texas Crim. App., 199; and Wilbanks v. State, 10 Texas Crim. App., 642. However, all of the above cited authorities were rendered prior to the amendment of article 723, Code Criminal Procedure, which provides that we shall not reverse a case unless the error complained of is excepted to in motion for new trial, or by bill of exceptions, and shall not reverse it then unless the error was calculated to injure the rights of appellant. Without discussing the question as to how far the latter article changes the rule laid down in the cases cited, we will suggest that upon another trial the court properly charge

the provisions of this statute in this case, and would further suggest that it would be better to do so in all cases. For the errors, discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*