## WILSON v. STATE. (No. 8811.)

(Court of Criminal Appeals of Texas. Oct. 29, 1924.)

1. Criminal law ⊂⇒1092(7)—Bills of exception, not filed within time allowed, cannot be considered.

Bills of exceptions, not filed within 60 days allowed in order overruling motion for new trial, no order being made extending time, cannot be considered.

2. Forgery ⊂⇒21 — One employing innocent agent to write forged instrument is guilty of forgery.

One who employs innocent agent to write forged instrument is himself guilty of forgery.

Appeal from District Court, Lamar County; Ben H. Denton, Judge.

D. A. Wilson, alias Luther Williams, was convicted of forgery, and appeals. Affirmed.

B. B. Sturgeon, of Paris, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Lamar county of forgery, and his punishment fixed at two years in the penitentiary.

[1, 2] The transcript in this case contains no bill of exceptions. Same does contain four special charges asked and refused, but no notation thereon reflects the fact of any exception at the time of such refusal, nor is there complaint by any separate bill of exceptions of the refusal of any of said charges. The term of court at which appellant was tried began on the 8th day of October, 1923, and by statutory grant could have continued in session for 7 weeks. This would necessitate the adjournment of court the latter part of November. There appears filed in this court on the 8th day of October, 1924, what may be denominated as a supplemental transcript containing 16 bills of exception in this case, each of which appears to have been filed in the trial court on the 18th of February, 1924. In the order overruling appellant's motion for new trial he was granted 60 days after the adjournment of court in which to file his statement of facts and bills of exception. Said 60-day period necessarily expired in January, 1924, and there is no order extending same. The bills of exception were filed too late to be considered.

The facts need not be discussed. It seems without dispute that appellant went into a store and bought some clothing, and gave a check therefor which he signed by a name other than his own, having no authority so to do. The check was written for him by another party. Mr. Branch, on page 858 of his Annotated P. C., cites many authorities supporting the proposition that one who employs an innocent agent to write a forged instrument is himself guilty of forgery.

Finding no error in the record, an affirmance will be ordered.