evidence that check was presented to another bank and payment refused *held* inadmissible.

**4. Criminal law ⟨⟩1092(11)—Qualification of bill of exception made over appellant's objection cannot be considered.**

Qualification attached to a bill of exception over the objection and exception of appellant cannot be considered by appellate court.

Commissioners' Decision.

Appeal from Shelby County Court; F. C. Powell, Judge.

O. S. Ariola was convicted of swindling, and he appeals. Reversed and remanded.

Dallas Ivey, of Center, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted of swindling in the county court of Shelby county, and his punishment assessed at a fine of $5 and 30 days in the county jail.

The appellant was charged by complaint and information, under article 1546, § 4, of the Penal Code, with the offense of swindling by giving a worthless check in the sum of $3, alleged to have been drawn on the Farmers' State Bank of Center, Tex., and given to J. D. Parker. The appellant defended upon the ground that at the time he gave the check to Parker the latter agreed that the check would be held until he (appellant) could place the money in the bank.

[1] The appellant complains of the refusal of the court to submit this as a defense to the jury. The record discloses that the appellant filed various objections and exceptions to the court's charge, among which complaint was made to the refusal of the court to submit the above defense to the jury in the general charge, but said objections and exceptions are not approved by the trial judge, and for that reason we are prohibited from considering same. However, we suggest that if the same issue is raised upon another trial the court should submit it to the jury.

[2] In bills of exception 7 and 8 complaint is made to the action of the court in stating in the presence and hearing of the jury, when he admitted the testimony of appellant and appellant's wife to the effect that Parker had agreed to hold the check in question until the appellant could place the money in the bank, that said testimony did not amount to anything as a matter of law. We think this was error. Article 707, C. C. P. forbids the court, in ruling upon the admissibility of evidence, to discuss or comment upon the weight of same. Also, see Melton v. State, 58 Tex. Cr. R. 86, 124 S. W. 910. We think this testimony was very material to the defense, and, if true, would defeat the prosecution in this case.

[3, 4] In bill of exception No. 9 complaint is made to the action of the court in permitting the state to introduce testimony from the witnesses Davis, McCarver, and Hurst to the effect that they presented the check in question to the First State Bank of Teneha for collection, and that payment was refused by said bank. The appellant contends that, the complaint and information having alleged that the check was drawn on the Farmers' State Bank of Center, the state's testimony should have been confined to the allegations in the complaint. We are of the opinion that this contention is correct and that the court erred in the admission of said testimony. The court attempted to qualify this bill, which qualification was objected and excepted to by the appellant. This court is unauthorized to consider a qualification attached to a bill over the objection and exception of the appellant. Dowd v. State, 104 Tex. Cr. R. 480, 284 S. W. 592, and authorities there cited.

There are other questions raised which are not likely to occur upon another trial, and for that reason they are not discussed.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**BROWN v. STATE.    (No. 10366.)**

(Court of Criminal Appeals of Texas.    Nov. 3, 1926.    Rehearing Withdrawn Jan. 12, 1927.)

**I. Witnesses ⟨⟩345(1)—Proof of charge of felony by complaint is incompetent to affect witness' credibility, where grand jury subsequently adjourned without returning indictment.**

It is permissible to show, as affecting credibility, that an indictment has been returned or complaint filed charging witness with felony or offense involving moral turpitude; but in case of charge of felony by complaint, with subsequent adjournment of grand jury without returning indictment therefor, proof of charge by complaint is incompetent.

**2. Criminal law ⟨⟩1119(2)—Cross-examining witness as to charge by complaint will not be held erroneous, in view of insufficient showing by bill of exceptions.**

Where bill of exceptions presents objection to cross-examining defense witness relative to charge by complaint without setting out facts as basis for or supporting objections, such cross-examination will not be *held* erroneous, particularly where statement of facts showed complaint had been filed after grand jury adjourned.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Witnesses ⊚⇒337(6)—Defendant held properly questioned relative to subsequent indictments for selling liquor to others, as affecting his credibility as witness.**

Defendant, in prosecution for possessing liquor, *held* properly questioned relative to indictments for selling liquor to others, found, subsequent to charge for which he was being prosecuted, to affect his credibility as a witness.

**4. Witnesses ⊚⇒337(5) — Defendant's indictment for felony, or offense involving moral turpitude, within reasonable time, is provable against him to affect his credibility as witness.**

If defendant, within reasonable time prior to becoming witness, has been indicted for felony, or offense involving moral turpitude, such fact is provable against him to affect his credibility.

**5. Criminal law ⊚⇒170½(2)—Ordinarily, conviction will not be reversed for asking question calling for incompetent matter, if answer states only matters provable.**

Ordinarily, conviction will not be reversed for mere asking of single question calling for an incompetent matter, if answer contained no more than statement of matters provable.

Appeal from District Court, Shelby County; R. T. Brown, Judge.

Leonard Brown was convicted of selling intoxicating liquor, and he appeals. Affirmed.

Sanders & Sanders, of Center, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Shelby county of selling intoxicating liquor; punishment, two years in the penitentiary.

[1, 2] Appellant has three bills of exception in the record which are discussed in his brief in inverse order. Bill of exceptions No. 3 complains of the state asking on cross-examination of defense witness Irish if it was not a fact that a complaint had been filed against him charging him with possessing intoxicating liquor. The bill of exceptions shows that he answered that such complaint had been filed. Said bill sets out the objections at length; one of them being upon the ground that a grand jury had convened and adjourned without indicting said witness for the offense set out in said complaint. It is permissible to show, as affecting credibility, that an indictment has been returned or a complaint filed charging a witness with a felony or an offense involving moral turpitude; but in case one be charged with a felony by complaint and there be a grand jury subsequently convened, which adjourns without returning any indictment therefor, proof of the fact of such charge by

complaint is incompetent to affect the credibility of the person so charged and offered as a witness. Wright v. State, 63 Tex. Cr. R. 429, 140 S. W. 1105. The bill of exceptions before us merely presents the objections made on such ground, but wholly fails to set out any facts as basis for or supporting such objections. In such case the bill of exceptions would be incomplete and insufficient to justify us in holding the objection a good one. We further observe that the statement of facts herein shows that the witness Irish testified that the complaint referred to and so charging him had been filed after the grand jury had adjourned. No error appears.

[3, 4] Bill of exceptions No. 2 shows that appellant, while a witness, was asked if he was not charged with selling liquor to certain named persons, and that, over objection, he answered:

"Yes; I have been indicted, charged with selling liquor to Frank Conroe, Carl Holliday, Alex Jacobs, and one or two more."

The fact that these indictments were found subsequent to the one in the instant case would be no ground for the rejection of such proof as affecting the credibility of the appellant when offered as a witness. If within a time prior to becoming a witness not too remote, such party has been indicted for a felony, or an offense involving moral turpitude, that fact, under our procedure, would be provable against him.

The remaining bill of exceptions shows: That, while appellant was on the witness stand giving testimony, he was asked the following question:

"Isn't it a fact, Mr. Brown (meaning the defendant, Leonard Brown) that, after the indictment was returned against you in the cause we are now trying, the officers raided your home, found some whisky, and that a complaint has been filed against you for possessing intoxicating liquors?"

—and that, over objection, appellant made the following reply:

"Yes; a complaint has been filed against me, charging that I had possession of liquor in my home. This complaint was filed against me, my wife, and Joe Irish."

[5] This presents practically the same objection as bill No. 3 above discussed. While more was embraced in the question asked, more was not in the answer, for appellant confined himself in his answer to affirming the fact that a complaint had been lodged against him for such possession. The question was not repeated, and neither side seems to have objected that the answer was not responsive, or that same called for an answer as to matters inadmissible, as well as those that were competent. This court does not, ordinarily, reverse for the mere asking of a single question calling for an incompetent

matter if the answer contained no more than a statement of matters provable. Graham v. State, 57 Tex. Cr. R. 104, 123 S. W. 691; Lewis v. State, 59 Tex. Cr. R. 51, 126 S. W. 1137; Keeton v. State, 59 Tex. Cr. R. 316, 128 S. W. 404; Phillips v. State, 59 Tex. Cr. R. 534, 128 S. W. 1100. There is an unfortunate controversy over whether we should consider the bills of exception, which will not be discussed, inasmuch as we have considered same.

It is unnecesary for us to set out the facts in this case at any length. They are beyond cavil sufficient to support the judgment of guilt. The state's case shows a straight-out sale of whisky by appellant to the party named in the indictment.

Finding no error in the record, the judgment will be affirmed.

## On Application to Withdraw Motion for Rehearing.

Appellant has filed in this cause his sworn application, duly verified, requesting the withdrawal of his motion for rehearing. The application is granted, and it is ordered that mandate issue upon the original hearing in which the judgment of the trial court is affirmed.