Mrs. D. J. Baird v. The State.

No. 11989.   Delivered January 16, 1929.

The opinion states the case.

*Wm. Johnson* and *Heidengsfelder, Kahn & Branch* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of mash and a still for manufacturing intoxicating liquor; the punishment confinement in the penitentiary for three years.

Appellant defended on the ground that the still and mash found by the officers belonged to her brother. She testified that she was keeping house for her brother and had no interest in or connection with said still and mash.

Appellant was asked on cross-examination if she had not been formerly indicted for manufacturing intoxicating liquor. She answered in the affirmative, but declared that the prosecution had been dismissed. Over proper objection, the state was permitted to prove that prior to the return of said indictment a still had been found in the house in which appellant was living. The state further showed, over objection, that appellant's brother had been tried and acquitted on the charge of manufacturing liquor, which charge grew out of the transaction upon which the dismissed indictment had been returned against appellant; that appellant had testified on her brother's trial that he did not live at the place and had nothing to do with the still discovered by the officers. In short, the state went into the details

of an extraneous offense, when such proof could only serve the purpose of showing that appellant was a criminal generally. The state was warranted, for the purpose of impeaching appellant, in asking her if she had been indicted for manufacturing intoxicating liquor. . It was proper for appellant to be permitted to testify that the indictment had been dismissed. Here the inquiry should have ended, as proof of the details of the extraneous offense served merely to show that appellant was a criminal generally. Such proof, when not within one of the recognized exceptions, is inadmissible. Enix v. State, 299 S. W. 430.

Appellant had been indicted on a charge of assault with intent to murder, which fact was shown by the state. The details of the transaction were brought out in the instant trial. On another trial the court should not turn aside to try the extraneous offense, as such proof can only have the effect of showing appellant to be a criminal generally. The discussion contained in the preceding paragraph is applicable here.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.