MEYER REICH v. THE STATE.

No. 11967. Delivered February 6, 1929.

The opinion states the case.

*Davis & Wright* and *E. B. Simmons,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to rape; the punishment confinement in the penitentiary for two years.

We have grave doubt as to the sufficiency of the evidence, but in view of the fact that the case must be reversed on other grounds, we pretermit a discussion of the question.

Over proper objection the state elicited from appellant that complaint had been filed against him on September 9th, 1921, charging him with assault with intent to rape, and that on January 18th, 1927, a complaint had been filed against him on a charge of embezzlement of property over the value of fifty dollars. Although several grand juries had intervened indictments charging the offenses mentioned had not been returned. The court erred in admitting this testimony. We quote from the language of Judge Lattimore, in Brown v. State, 289 S. W. 386, as follows:

"It is permissible to show, as affecting credibility, that an indictment has been returned or a complaint filed charging a witness with a felony or an offense involving moral turpitude; but in case one be charged with a felony by complaint and there be a grand jury subsequently convened, which adjourns without returning any indictment therefor, proof of the fact of such charge by complaint is in-

competent to affect the credibility of the person so charged and offered as a witness."

In his argument to the jury, the district attorney stated, in substance, that appellant was unfit to walk in the company of decent people if the jury believed what prosecutrix had said and believed "all these indictments." He further stated that appellant had been knocking on the doors of the penitentiary long enough and that it was time for somebody to let him in. Appellant objected to this argument and the court refused to instruct the jury not to consider it, and declined to give appellant's special charges on the subject. The remarks were improper, and, in view of the meagerness of the testimony showing guilt, it cannot be said that appellant was not prejudiced thereby. Testimony relative to other indictments and complaints had been admitted by the court for the sole purpose of testing the credibility of appellant as a witness. It could not be legitimately used for any other purpose. Taylor v. State, 100 S. W. 393.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.