### Cawthon v. The State.

No. 12897. Delivered February 5, 1930.
Reported in 24 S. W. (2d) 435.

The opinion states the case.

*J. W. Thomas* of Belton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for five years.

The prosecutrix, Stella Pearl Matlock, was under eighteen years of age. Appellant was carrying the United States mail for his father. Prosecutrix was living in the country at the home of her brother-in-law. On the occasion of the assault, she had gone to the mail box to wait appellant's arrival with the mail. She testified in substance as follows: When appellant arrived at the mail box he got out of his car, saying that he had a broken spring. Prosecutrix started back to the house, which was some distance away. Whereupon appellant took hold of her and asked her to have sexual intercourse with him. She refused. He threw her to the ground and got on top of her. She fought, kicked and begged him to desist, but was unable to get away from him. He accomplished his purpose, having sexual intercourse with her. Her clothing was torn. When appellant let her up she returned to the house. She was crying and nervous and immediately reported the matter to her sister. The father of prosecutrix was called and came over to the house in a few minutes. The matter being reported to the officers, appellant was arrested on the same day that the assault was committed.

An examination of the ground where the offense occurred indicated that a struggle had been engaged in. The torn clothing of prosecutrix was introduced in evidence.

Appellant admitted that he had sexual intercourse with prosecutrix, but declared that she consented to the act. He testified that on former occasions when he had met her at the mail box prosecutrix had permitted him to embrace and fondle her. As to the fact that he had embraced and fondled prosecutrix, appellant was supported by the testimony of another witness. Appellant and other witnesses testified that appellant was in bad physical condition due to an automobile wreck, and that he was unable to exert himself to any extent. The state took issue with appellant on the question of his physical condition, and, among other things, proved that at the time he was arrested he was working on his automobile.

The indictment contained two counts, one charging rape by force and the other charging that prosecutrix was under the age of consent. Appellant was convicted of the offense of rape by force, although both counts were submitted to the jury. Appellant strenuously insists that the evidence is insufficient to show that he had intercourse with prosecutrix by the use of force. In view of the fact that we have reached the conclusion that the case must be reversed

because of the errors hereinafter discussed, we pretermit a discussion of the question.

It was shown, while he was testifying in his own behalf, that appellant had theretofore been indicted for the offense of rape. The indictment was offered in evidence, it appearing therefrom that it had been returned approximately eight years prior to the present trial. Appellant objected to the proof on the ground that the charge was too remote to afford a basis for impeachment. We are unable to say from the bill of exception that the impeaching testimony was too remote. The receipt of such testimony should primarily be determined by the trial-judge after an investigation in the absence of the jury to learn whether, under the ascertainable facts, the act is too remote. The exercise of such discretion is subject to review, and, in case of abuse, to be revised. Shipp v. State, 104 Tex. Cr. R. 185.

Over proper objection, the state showed that appellant had left the country after the former indictment had been returned against him, and again showed, by introducing said indictment, that appellant had been charged with rape of a named female under the age of eighteen years. The showing of these details was improper. Baird v. State, 12 S. W. (2d) 1034. In his argument to the jury one of counsel for the state, over proper objection by appellant, stated in effect that appellant was guilty of rape on the former occasion and that he left the country in order to avoid arrest because of the fact that he was guilty. The court refused to sustain appellant's objection and declined to withdraw the remarks from the consideration of the jury. The argument was improper. Reich v. State, 13 S. W. (2d) 697. The fact that appellant had been formerly indicted was admitted solely for the purpose of testing his credibility as a witness. It could be used for no other purpose. We are unable to say that the reception in evidence of the details of flight as to the former indictment for rape upon a named female, together with the assertion by one of counsel for the state that appellant was guilty on the former occasion, as shown by the fact that he left the country, did not contribute to appellant's conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.