ELLIOTT CLARK v. THE STATE.

No. 13350. Delivered June 4, 1930.
Reported in 29 S. W. (2d) 390.

The opinion states the case.

*J. R. Duran,* of Carthage, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

The testimony of witnesses for the state was sufficient to justify the conclusion that appellant killed a cow belonging to Bert Moreland and appropriated it to his own use and benefit. Appellant testified that the animal in question belonged to him.

In view of the fact that the judgment must be reversed because of the error hereinafter discussed, we deem it unnecessary to decide whether appellant's first application for a continuance was improperly overruled.

The district attorney asked appellant upon cross-examination if it was not a fact that he had been indicted in two other cases of felony, and that such cases had to be dismissed because the witnesses had been run off. Appellant objected to the question on several grounds, among them being that the district attorney was attempting to prove that appellant was instrumental in keeping witnesses in another case from appearing against him. The court overruled the objection and appellant answered that two other indictments had been returned against him but that he did not know that the indictments had been dismissed because the witnesses had been run off. The state was warranted, for the purpose of impeaching appellant, in asking him if he had been indicted for two offenses of the grade of felony. The question propounded by the district attorney carried the imputation that appellant had been instrumental in keeping witnesses in separate and distinct cases from appearing against him. Whether appellant or someone acting for him had run the witnesses off in other cases which had no connection with the present charge was irrelevant under the facts of this case. Baird v. State, 111 Tex. Cr. R. 351. The opinion is expressed that the question itself was prejudicial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.