ROLAND MIZE v. THE STATE.

No. 13657. Delivered June 11, 1930.
Reported in 29 S. W. (2d) 356.

The opinion states the case.

*Otis Rogers,* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery is the offense; penalty, confinement in the penitentiary for a period of five years.

The alleged injured party was W. E. Mitchell. He testified that he was robbed in the nighttime by two assailants, one of whom presented a pistol. By the testimony of the witness the appellant was identified as the one who searched the witness and the other assailant as the person having the pistol. Thirteen dollars in money, a purse, knife, pawn ticket, hat check and a Yale key were taken. The assault took place under some trees. The witness had not previously seen the appellant. A purse, pawn ticket and a knife were identified by the witness as part of the property taken from him. The articles mentioned were presented at the trial.

The appellant testified and denied that he was a party to the assault at the time of its commission. He accounted for his possession of the purse with the statement that he found it on the street about April 10th and that there was nothing in it but a small card with some numbers on it and a pawn ticket; that the knife which was identified belonged to him; that he had owned it for many months. The arrest took place on the 27th day of April. The offense occurred on the 26th of March. He testified further that he had never been charged with any offense before his arrest on this transaction.

On cross-examination, in response to an inquiry by State's counsel, he testified, as shown by a bill of exception, as follows:

"Q. You were charged by complaint filed against you on the 27th day of April last year for robbing a man by the name of O. D. Galloway, were you not?"

Objection on appropriate grounds was made to the question and overruled. The appellant replied:

"I don't remember anything about a complaint being filed against me on the 27th day of April last year for robbing a man by the name of O. D. Galloway."

Appellant was also asked by State's counsel the following question:

"You were charged by complaint filed·against you on the 27th day of April last year for robbing a man by the name of Tom Green, were you not?"

Appropriate objection was made to the question, and the appellant answered:

"I don't remember anything about a complaint being filed against me on the 27th day of April last year for robbing a man by the name of Tom Green."

It appears from the bills of exception that each of the complaints mentioned was filed but that as to each of them the grand jury adjourned without returning any indictment against the accused; that the grand jury was in session at the time the complaints were filed and that the subsequent grand jury failed to indict the appellant. Those facts are embraced in the objection made to the question in both instances. The court refers to the statement of facts in which it appears that the appellant testified that he remembered being arrested but did not know under what law or the name of the officers. The reception of this testimony was obnoxious to a rule of evidence which has often been applied, as is illustrated by the decisions of this court in Brown v. State, 289 S. W. 386; Reich v. State, 13 S. W. (2d) 697; Widener v. State, 5 S. W. (2d) 138; Wright v. State, 140 S. W. 1105.

It appears from the statement of facts that the appellant was also asked on cross-examination if on a former trial of the case for which he was then on trial he had not entered a plea of guilty. He answered that he did plead guilty but that he was not guilty; that he did not tell the court that he was guilty but that he pleaded guilty. He stated that he was brought into court and the judge asked him the following question: "Are you going to plead guilty or not

guilty?" Appellant replied that he was not guilty. The judge then said: "Take him back to the holdover." As the appellant started back, he was accosted by a person who he did not know at the time but whom he later recognized as the Assistant District Attorney, who said: "I have a case against you." Appellant replied: "No, you haven't got a case on me or anything." The attorney said: "If you plead guilty we can give you the lowest sentence that can be given." Appellant said:

"I don't know what that was. I studied around about it for awhile. I didn't have any money or any way of getting a lawyer. I had been in jail six months. I asked him if they would give me my back time off if I plead guilty to it and he said he didn't know, and later said that they would do so. I made up my mind that was the best way out of it. I didn't know when I would ever get out, so I went ahead and pleaded guilty when I wasn't guilty."

It appears that the conviction resulting from that plea was set aside.

It is to be noted that Mitchell was robbed at nighttime in the shade of some trees and that he was unacquainted with his assailants.

It appears from the bills of exception that each of the complaints There was a sharp issue as to whether appellant was guilty. Aside from the testimony of Mitchell as to the appellant's identity, the main incriminating fact was the possession of a purse, which he explained by his own testimony. If his testimony was true, he was not guilty. In the absence of the impeaching testimony, the jury might have believed it to be true. At all events, this court is not in a position to determine that the jury would not have believed the appellant guilty or had a reasonable doubt as to his identity if it had not been for the improper evidence that was before them. It is manifest that in receiving the testimony showing that he had been charged with robbery in two instances in which the grand jury failed to indict him, there was committed error prejudicial to the accused and directly bearing upon his character and his veracity. To the extent of the receipt of the testimony mentioned the trial was illegal. Upon the record before us, we are constrained to conclude that the motion for new trial should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*