JOHN JACKSON v. THE STATE.

No. 13508. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 778.

The opinion states the case.

*Burch & Woodruff,* of Decatur, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for three years.

State's witness Whittington testified that he went to appellant's home and bought one-half gallon of whiskey from appellant. Appellant denied the sale. He was corroborated by several witnesses.

Bill of exception No. 10 presents error. It appears that the district attorney elicited from appellant on cross-examination the fact

that he was under two indictments charging him with selling intoxicating liquor to one Mondrick. These indictments had no connection with the charge in the instant case. They involved separate and distinct offenses. Referring to said indictments, the district attorney propounded to appellant a question as follows:

"Did you go to him (Clyde Read) and tell him you would give him any amount of money to go to Rhome and buy some whiskey from Joe Mondrick, and that would ruin his testimony and clear you, if he would do that?"

Appellant objected to the question on the ground that it related to separate and distinct offenses and had no bearing on the question of guilt in the present case. The court overruled the objection and appellant answered in the negative. The objection was well taken. The state was warranted, for the purpose of impeaching appellant, in asking him if he had been indicted for offenses of the grade of felony. The question propounded by the district attorney carried the imputation that appellant had sought to suppress the testimony of a witness who was to appear against him in separate and distinct cases. Mondrick was not a witness in the present case. Under the facts, the inquiry was irrelevant. Baird v. State, 111 Tex. Cr. R. 351. The opinion is expressed that the question itself was prejudicial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.