# OCTOBER 25, 1933

Leon Aubry v. The State.

No. 16306. Delivered October 25, 1933.
Reported in 64 S. W. (2d) 771.

492

 

The opinion states the case.

*F. D. Ashcraft* and *Chas. F. Waegner,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being assessed at death.

All parties involved in the tragedy are negroes. Deceased (Junius Jackson) and Eola Dixon had been living together for some time. About six weeks before the killing, appellant appeared upon the scene. After this time, Eola divided her favors between appellant and deceased. Her conduct brought about ill feeling between the two. Eola charged appellant with having taken from her without her consent three dresses and a pair of shoes for the purpose of forcing her to continue her relations with him. She reported this to deceased. Appellant claimed that the articles of clothing mentioned had been voluntarily left by her in his room upon occasions of her visits there. The state's evidence shows that on the night of the killing appellant, armed with a shot gun, lay in wait near deceased's room, and when he and Eola were in the act of entering the room appellant fired one shot into deceased's body, and after he had fallen, appellant reloaded the gun and fired a second shot into deceased's head. The evidence of appellant and his witnesses was to the effect that about an hour and thirty minutes before the killing deceased had attempted to assault appellant with a large knife, and had pursued appellant several blocks; that appellant was afraid to go to his room the usual route he would travel, claiming that deceased was waiting for him, and that appellant reached his room by a back way, secured his gun, and when he saw deceased, appellant thought he had a pistol (it, in fact, being a hammer), and that appellant shot deceased believing he was about to make an attack. On cross-examination appellant admitted that at first he had claimed that deceased had fired at

him; that he and deceased had fired about the same time; that he knew such claim was not true when he made it.

Bills of exception one, two and five challenge the sufficiency of the evidence to support the conviction. It is not necessary to discuss these bills at length, nor do we feel called upon to set out the evidence in further detail. The state's evidence shows an assassination.

Bill of exception number three complains that the court would not permit appellant to introduce a conversation claimed to have occurred between appellant and Eola Dixon in his room a short time before the killing. The bill fails to show what the conversation was. It is apparent that this court is not in position to appraise the complaint. Volume 4, Tex. Jurisprudence, sec. 219; Branch's Ann. Tex. P. C., sec. 212.

The only matter which calls for any extended discussion is the incident complained of in bill of exception number four. While appellant was testifying in his own behalf it was elicited from him on cross-examination that he had been convicted for burglary and theft and served a term in the penitentiary therefor, and had been out of the penitentiary only about three months when he killed deceased. In his main charge the court told the jury in substance that such evidence was admitted solely upon the issue of appellant's credibility as a witness, and could be considered for no other purpose. The bill in question recites that the assistanct district attorney in his closing argument, and in referring to appellant, said: "* * * this ex-convict, this felon, did not learn his lesson by one trip to the penitentiary, but now returns and commits a more serious crime. * * *"

It is further recited that repeatedly during his argument said attorney referred to appellant as a felon and ex-convict. Objection was interposed on the ground that the remarks were not in the form of an argument as to the credibility of appellant's testimony, but were obviously prejudicial. The bill recites that when the objection was made the court "advised the jury that such *remarks* were only to be taken as to the credibility of defendant's testimony." The court qualified the bill as follows: "* * * the court recalls that when the defendant objected to the argument of counsel, Harris, the court stated to the jury that that body had been charged the purpose in so far as the jury was concerned of the admission of said testimony, whereupon the State prosecutor, Harris, stated to the jury that it was true that said testimony only went to the credit of the defendant as a witness, and that the jury should consider it for no other purpose; and the court is not certifying that in view of this quali-

fication, showing what happened, that said argument of said prosecutor, Harris, was grossly and obviously prejudicial, and the court is not certifying that it was not in the form of an argument as to the credibility of the defendant's testimony, and the court is not certifying that said argument was improper or obviously prejudicial in any manner. And further, there was no request for any instructions to the jury at the time upon said argument, nor was any special charge offered and the said question was not presented or raised in defendant's motion for a new trial."

It will be observed that nothing is recited in the bill which shows the connection in which the argument was made, nor whether counsel was discussing the issue of guilt, the penalty or appellant's evidence. Cases in which arguments of similar import have been held erroneous, and in some of which reversals have been predicated thereon are Taylor v. State, 50 Texas Crim. Rep., 560, 100 S. W., 393; Jarrott v. State, 96 Texas Crim. Rep., 239, 257 S. W., 256; McClure v. State, 100 Texas Crim. Rep., 545, 272 S. W., 157; Reich v. State, 111 Texas Crim. Rep., 642, 13 S. W. (2d) 697; Meyers v. State, 113 Texas Crim. Rep., 26, 19 S. W. (2d) 317; Cawthorn v. State, 114 Texas Crim. Rep., 86, 24 S. W. (2d) 435. In none of said cases is the question presented as it appears in the present record. In most of them counsel using the argument made plain to the jury by the language used that he was urging them to appropriate evidence of a prior conviction to an improper purpose, either upon the issue of guilt, or the penalty to be inflicted, and not upon the issue of credibility of accused as a witness. If the bill now before us showed nothing more than the language objected to it might be speculative as to the inference which counsel sought to have the jury draw therefrom, but the bill goes further. It shows that when objection was made the court called the jury's attention to his instructions regarding the only purpose for which evidence of the former convictions had been admitted, and that counsel who had used the language to which the objection was urged himself immediately told the jury that such fact of the prior conviction could only be used by them on the issue of appellant's credibility as a witness. The learned trial judge who was present when the incident occurred, and whose qualification shows what actually happened, specifically declines to certify that the language used was not upon the issue of appellant's credibility. Whether the objection came to an unfinished statement made by counsel for the state it is impossible for this court to know, but evidently the trial judge

was impressed with the idea that the incident presented no serious question. No request was made to have the argument withdrawn, and no ground for new trial was predicated on the occurrence. To sustain the bill this court would be compelled to draw a conclusion from the argument which the trial court declined to sanction. Under these circumstances we do not feel justified in holding said bill presents reversible error.

The judgment is affirmed.

*Affirmed.*