## SAMUEL E. MUNIZ V. THE STATE.

No. 22446. Delivered April 28, 1943.

The opinion states the case.

*Joseph J. Roybal,* and *Major Morton Dodrill,* both of El Paso. for appellant.

*Roy D. Jackson,* District Attorney, and *Gill L. Newsom,* Assistant District Attorney, both of El Paso, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of rape by force; the punishment, twenty years' confinement in the State penitentiary.

The State moves to strike the bills of exception appearing in this record because same were not filed within the time required by law.

The motion for new trial was overruled and notice of appeal given on the 16th day of October, 1942. Appellant was, at that time, allowed sixty days from and after the adjournment of court within which to file bills of exception. Court adjourned October 17th, 1942. The bills of exception were filed January 4th, 1943, or eighty days after notice of appeal was given and seventy-nine days after the adjournment of court.

Under the express mandatory provisions of Art. 760, C. C. P., a defendant is entitled to thirty days from and after the adjournment of court within which to file his bills of exception; and, for good cause shown, the trial judge may extend the time not to exceed ninety days from the date notice of appeal was given.

The bills of exception were not filed within the time required, unless the trial court extended the time as authorized by the statute.

Appellant relies upon two extension orders, by which, he contends, the trial court did extend the time. The first of these extension orders shows that the time was extended within which the "Statement of Facts and Transcript in the Court of Criminal Appeals" might be filed, while the second extension order shows that the time in which to file "the statement of facts and transcript" was further extended. Neither of these orders relates to, nor extends the time for, filing the bills of exception, and same cannot be given the construction that the time for filing the bills of exception was extended thereby.

This court is without power to set aside, nullify, or refuse to follow, the mandate of a statute. The bills of exception not having been filed within the time required by law, they are not subject to be considered by this court. The State's motion to strike the bills of exception is, therefore, granted.

In the absence of bills of exception, the sufficiency of the evidence to support the conviction is the sole question before us.

It would serve no useful purpose to set forth the revolting facts showing the commission of the crime charged. It is sufficient to say that the prosecutrix, twenty years of age, and weighing 103 pounds, testified that she was, at night, by force, raped and ravished by the appellant. At the first opportunity after the commission of the crime, she reported such fact to her parents, with whom she lived who in turn immediately notified the officers.

The physical facts and other circumstances strongly corroborated the prosecutrix.

Appellant, twenty-one years of age, testifying as a witness in his own behalf, admitted having engaged in an act of intercourse with the prosecutrix, at the time and place charged, but asserted that it was with her consent, and that she voluntarily entered into the act. He denied the use of any force or violence whatsoever upon prosecutrix.

The disputed issue of facts was for the jury's determination. The facts abundantly supported not only the jury's finding of guilt but also the punishment assessed.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.