## John McGlammery v. State

No. 25323. June 20, 1951.
Rehearing Denied October 17, 1951.

Hon. Roy D. Jackson, Judge Presiding.

*Samuel K. Wasaff,* El Paso, for appellant.

*William E. Clayton,* District Attorney, El Paso, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the offense of assault with intent to murder without malice; the punishment, 3 years' confinement in the penitentiary.

The evidence shows that appellant inflicted serious injuries upon David Thurston with a knife, which injuries included a long cut on the upper chest which penetrated the right chest cavity and which apparently collapsed the right lung; a cut that penetrated the abdominal cavity and perforated the intestines, and various other wounds of a less serious nature.

Appellant admitted having inflicted such wounds on Thurston, whom he had never seen before, but testified that he did so while acting in self-defense against an assault made upon him by Thurston with a knife which resulted in appellant's arm being cut open.

The jury rejected the claim of self-defense, and the sufficiency of the evidence to sustain the verdict is not questioned.

The motion for new trial was overruled and notice of appeal given on February 21st, 1951, and appellant was granted 60 days in which to file his bills of exception.

The time so allowed expired on April 22, 1951, and the one bill of exception presented to the trial court was filed on April 23, 1951.

This bill was qualified by the trial judge and appellant excepted to such qualifications. It was then refused as incorrect and the court filed his own bill. The court's bill was likewise filed on April 23, 1951.

The bill of exception, not having been filed within the time allowed by the court's order, cannot be considered. See Huber v. State, 151 Tex.Cr.R. 306, 207 S.W. 2d 383; Muniz v. State, 145 Tex.Cr.R. 565, 170 S.W. 2d 767; and Wilson v. State, 98 Tex.Cr.R. 319, 265 S.W. 697.

However, we have examined the court's bill and it shows no error.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant insists that the bill of exception prepared by the trial court reflects error.

From this bill of exception it appears that the appellant sought, upon cross-examination of the injured party, to show that he had at one time been charged in a justice court with felony theft.

The trial court certifies that the complaint was dismissed for the want of sufficient evidence, and the charge was never presented to the grand jury.

The charge, having been dismissed in the justice court and not having resulted in an indictment, was not the subject of proof, even for impeachment purposes. 45 Tex. Jur., Witnesses, Sec. 246, p. 108; Norton v. State, 120 Tex. Cr. R. 557, 47 S. W.

)2d 610; Brown v. State, 105 Tex. Cr. R. 605, 289 S.W. 386; Bridges v. State, 99 Tex. Cr. R. 627, 271 S. W. 87.

The action of the trial court in sustaining the state's objection to proof of such fact was proper.

The motion for rehearing is overruled.

Opinion approved by the court.