FREDRICK OWNES DRIEHS *v.* STATE

28,900. April 3, 1957.

*Baldwin & Goodwin,* Beaumont, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, *James S. Mc-Grath,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender under Article 802b; the punishment, 120 days in jail and a fine of $300.00.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary other than to observe that there was considerable testimony from the officers that the appellant resisted the arrest. The appellant testified that he was not intoxicated and that the officers beat him unmercifully after their arrival at the jail. He was cross-examined, over his objection, about whether or not he had resisted arrest when taken into custody for the prior misdemeanor alleged in the indictment. When he denied the same, the arresting officer in the first case was called and testified, over objection, about the difficulty he had in subduing the appellant on the first occasion.

In permitting such cross-examination and admitting such evidence, the trial court was in error.

It was incumbent upon the state to prove the conviction for the prior misdemeanor offense, but the details thereof are not admissible. Cawthon v. State, 114 Texas Cr. Rep. 86, 24 S.W. 2d 435.

The state contends that such evidence was admissible as impeachment. In order to agree with such contention, it would be necessary to hold that the details of the prior offense were material in the present trial. We do not so conclude. The general rule is expressed in Branch's Ann. P.C., 2nd Ed., vol. 1, sec. 187, p. 199, as follows:

"Impeaching a material witness on an immaterial matter is reversible error, because, by discrediting the witness and showing the jury that upon an immaterial issue he had testified falsely, it is calculated to make the jury believe that he may have testified falsely in regard to other matters, which were material."

For the error pointed out, the judgment is reversed and the cause remanded.