**Michael Dean MOORE, Appellant**

v.

**The STATE of Texas, State.**

**No. 2–95–454–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 16, 1997.

H.F. Rick Hagen, Jackson & Hagen, Denton, for appellant.

Bruce Isaacks, Criminal District Attorney, Dawn A. Moore, Assistant District Attorney, Denton, Robert Huttash, State Prosecuting Attorney, Austin, for appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAY, Justice.

A jury convicted appellant Michael Dean Moore of driving while his license was suspended. *See* Act of May 26, 1987, 70th Leg., R.S., ch. 922, § 2, 1987 Tex.Gen. Laws 3111, 3112 (amended 1995) (current version at TEX. TRANSP.CODE ANN. § 601.371 (Vernon Pamph.1997)). Moore's license was suspended for failing to maintain proof of financial responsibility under the Texas Motor Vehicle Safety–Responsibility Act. *See* Act of August 25, 1991, 72nd Leg., 2nd C.S., ch. 12, § 15.02, 1991 Tex.Gen. Laws 252, 335–36 (amended 1995) (current version at TEX. TRANSP.CODE ANN. § 601.231 (Vernon Pamph.1997)) ("Section 1F"). The trial court assessed punishment at 180 days in jail, probated for 12 months, and a $500 fine. We affirm.

Moore raises nine points of error. In points one through eight, he argues the trial court erred in admitting evidence of his license suspension under Section 1F and in admitting his driving record showing various instances of lifting and reimposing his license suspension. He contends this is extraneous offense evidence that is irrelevant, offered only to prove character conformity, and its probative value is substantially outweighed by its prejudicial effect. In point of error nine, he contends the trial court erred by refusing to give his requested jury instruction that the jury could not consider evidence of the extraneous offenses unless it found the State had proved them beyond a reasonable doubt.

### SUMMARY OF FACTS

A Lewisville police officer stopped Moore for driving without a rear license plate. A computer check indicated Moore's license was suspended. The officer arrested Moore and took him to jail. To establish its case at trial, the State had to prove Moore's license was suspended under Section 1F. Accordingly, the State offered as evidence a certified copy of Moore's driving record. This record showed, among other things, that Moore's suspension had been lifted and reestablished several times. Moore offered to stipulate that his license had been suspended under Section 1F and objected, asserting the evidence was not relevant and, further, was inadmissible under Rules 403 and 404 of the Texas Rules of Criminal Evidence. TEX. R.CRIM.EVID. 401–404. The trial court disallowed certain entries and had them redacted from the exhibit. However, the trial court admitted the exhibit still showing the history of the lifting and reestablishing of Moore's suspension. Moore objected to the jury charge and asked the court to instruct the jury that it could not consider evidence of the extraneous offenses unless it finds the State had proved them beyond a reasonable doubt. The trial court denied Moore's request.

### EXTRANEOUS OFFENSE EVIDENCE

■ Under Rule 401, any evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the ... action more probable or less probable than it would be without the evidence." TEX.R.CRIM.EVID. 401. Under Rule 402, "[a]ll relevant evidence is admissible" unless

there is an exception. TEX.R.CRIM.EVID. 402. Rule 404(b) sets forth just such an exception:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

TEX.R.CRIM.EVID. 404(b). Extraneous offense evidence offered for the sole purpose of showing character conformity is inadmissible. *Rankin v. State,* No. 0374–94, slip op. at 2, — S.W.2d —, —, 1996 WL 165014 (Tex.Crim.App. April 10, 1996); *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App. 1990) (op. on reh'g). However, extraneous offense evidence is admissible if it is introduced for a purpose other than character conformity, if it has relevance to a "fact of consequence," and if it has no other constitutional or statutory prohibitions. *Rankin,* slip op. at 2, at —. Further, it is admissible even where a Rule 403 objection has been raised, provided its probative value is not substantially outweighed by the danger of unfair prejudice, misleading the jury, undue delay, or needless presentation of cumulative evidence. TEX.R.CRIM.EVID. 403; *Montgomery,* 810 S.W.2d at 389.

A finding of relevance apart from character conformity under Rule 404(b) is discretionary with the trial court. *Montgomery,* 810 S.W.2d at 391. The trial court must strike the proper balance within the scope of its discretion. *Id.* Such an issue is largely dependent on the individual judge's perception of common experience, and reasonable persons may often disagree. *Id.* Thus, reviewing courts should hesitate to substitute their own perceptions for those of the trial judge. *Id.* Therefore, provided a trial court ruling is "at least within the zone of reasonable disagreement, the appellate court will not intercede." *Id.*

Likewise, in reviewing a trial court decision to admit evidence over a Rule 403 objection, the standard is abuse of discretion. *Id.* We should reverse such a trial court ruling only where it is not "within the zone of reasonable disagreement." *Id.*

In the present case, Moore contends that the trial court admitted this evidence as relevant to prove that his license was suspended under Section 1F; thus, after Moore unequivocally offered to stipulate to this fact, the State no longer needed to prove this element of the offense. Therefore, he argues, this evidence no longer had any relevance apart from proving character conformity and, accordingly, was absolutely inadmissible under Rule 404(b) leaving the trial court no discretion to admit it. *See id.* at 387.

The statute under which Moore was charged did not require that he have knowledge and intent when he drove while his license was suspended. To convict under this statute the State only needed to prove two elements: 1) Moore's license was suspended; and 2) he drove. Act of May 26, 1987, 70th Leg., R.S., ch. 922, § 2, 1987 Tex.Gen. Laws 3111, 3112 (amended 1995) (current version at TEX.TRANSP.CODE ANN. § 601.371 (Vernon Pamph.1997)). However, the information charging him erroneously stated that Moore had "knowingly and intentionally" drove and operated a motor vehicle while his license was suspended. Accordingly, the State had to prove Moore knew his license was suspended when the officer stopped him that day, and neither party disputes this requirement.

Under statutory requirements, Moore had to be notified when his suspension was imposed. *See* Act of July 19, 1987, 70th Leg., 2nd C.S., ch. 46, § 2, 1987 Tex.Gen. Laws 142, 143 (amended 1995) (current version at TEX.TRANSP.CODE ANN. § 601.232 (Vernon Pamph.1997)). Furthermore, for Moore's suspension to be lifted, he was required to file security and proof of financial responsibility. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 449, § 4, 1989 Tex.Gen. Laws 1610, 1612 (amended 1995) (current version at TEX. TRANSP.CODE ANN. § 601.162 (Vernon Pamph.1997)). It is unlikely he would comply with this requirement if he had no actual knowledge that his license was suspended. Therefore, it was within the scope of the trial court's discretion to find evidence of the fact that Moore's suspension was repeatedly reimposed relevant as proof of whether

Moore knew his license was suspended when the officer stopped him. Further, Moore states in his brief that lack of knowledge and intent was the theory of his case and admission of this evidence "gutted" his case. Accordingly, we find the trial court did not err by ruling this evidence had relevance apart from its tendency to prove character conformity.

██ Moore next argues that the unfair prejudicial effect of the evidence substantially outweighs its probative value. He contends that the notations in the exhibit that suspension was "lifted" and then "re-established," left the jury to infer appellant "constantly drove a motor vehicle while his license was suspended." Moreover, he asserts that the gaps in the document where the trial court redacted certain entries, left the jury to infer that the deleted part of the exhibit contained evidence of Moore driving during periods while his license was suspended.

Rule 403 favors the admission of relevant evidence and implies a presumption that relevant evidence will be more probative than prejudicial. *McFarland v. State,* 845 S.W.2d 824, 841 (Tex.Crim.App.1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993); *Green v. State,* 840 S.W.2d 394, 410 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 1020, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). Furthermore, unfair prejudice does not arise from the mere fact that evidence injures a defendant's case. *Cohn v. State,* 849 S.W.2d 817, 820 (Tex.Crim.App.1993). On its face this evidence simply notes that Moore's suspension was lifted and then reimposed. The jurors were as likely to think the suspension was reimposed because Moore failed to pay his insurance as they were to infer it was reimposed because he drove while his license was suspended. Moreover, each gap in the exhibit follows an entry where the suspension was lifted. If the jury inferred Moore was driving during this period, it would have inferred he was driving with a valid license. Thus, we find any unfair prejudice arising from this evidence was not substantially outweighed by its probative value.

We overrule points of error one through eight.

### JURY INSTRUCTION

██ Moore contends in his ninth point of error that the trial court erred by refusing to instruct the jury that it could not consider evidence of the extraneous offenses unless it found the State had proved them beyond a reasonable doubt. *See* TEX.CODE CRIM.PROC. ANN. art. 36.15 (Vernon Supp.1997). The standard for admissibility of extraneous offense evidence is proof beyond a reasonable doubt. *George v. State,* 890 S.W.2d 73, 76 (Tex.Crim.App.1994). Accordingly, if such an instruction is requested during the guilt/innocence phase of trial, the trial court must give it. *Id.*

However, in the present case this evidence is offered to prove two of the three elements of the State's case, that Moore's driver's license was suspended and that he had knowledge of that suspension. The fact of Moore's license suspension had to be proved to show he drove while his license was suspended. Introduction of Moore's redacted driving record showing his license suspension and its ensuing reinstatements and re-suspensions is analogous to introduction of a prior criminal record. Introduction of a prior criminal record is limited to the fact of conviction. The State may not show details of an offense or allude to the surrounding facts of the conviction. *Johnson v. State,* 650 S.W.2d 784, 792 (Tex.Crim.App.1983); *Walker v. State,* 610 S.W.2d 481, 483 (Tex.Crim. App. [Panel Op.] 1980); *Murphy v. State,* 587 S.W.2d 718, 722 (Tex.Crim.App. [Panel Op.] 1979); *Driehs v. State,* 164 Tex.Crim. 455, 456, 301 S.W.2d 123, 123 (App.1957); *Williams v. State,* 906 S.W.2d 58, 63 (Tex. App.—Tyler 1995, pet. ref'd); *see* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1997). If the State is not permitted to show the details surrounding a prior conviction, it is illogical to require proof beyond a reasonable doubt. Accordingly, the holding in *George* does not apply when proof of an underlying, separate offense is a required element of proof for the present offense.[1] *See George,* 890 S.W.2d at 76.

---

1. Whether the trial court erred by permitting the State to introduce the details of this underlying

offense is not properly before us.

The trial court properly refused to instruct the jury that it could not consider this evidence unless it found the State had proved it beyond a reasonable doubt. Therefore, point of error nine is overruled.

### CONCLUSION

In summary, the extraneous offense evidence admitted at trial was relevant to prove Moore acted knowingly, and its prejudicial effect did not substantially outweigh its probative value. Moreover, the trial court properly refused to give the requested jury instruction.

We affirm the judgment of the trial court.